**Peter DIPIETRO, Appellant**

v.

**NEW JERSEY FAMILY SUPPORT PAYMENT CENTER; Superior Court of New Jersey; Gloucester County Probation Services; Susan Sasser, Vicinage Assistant Chief Probation Officer; New Jersey Motor Vehicle Commission; Sharon Harrington, Chief Administrator; Christie Morgandale, Case Worker; Joanna Vassallo.**

No. 09–3022.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1 March 18, 2010.

Opinion filed: March 18, 2010.

Matthew S. Sapienza, Esq., Office of Attorney General of New Jersey Department of Law and Public Safety, Richard J. Hughes Complex, Trenton, NJ, Leah A. Vassallo, Esq., Vineland, NJ, for New Jersey Family Support Payment Center; Superior Court of New Jersey; Gloucester County Probation Services; Susan Sasser, Vicinage Assistant Chief Probation Officer; New Jersey Motor Vehicle Commission; Sharon Harrington, Chief Administrator; Christie Morgandale, Case Worker; Joanna Vassallo.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Peter DiPietro, proceeding *pro se*, appeals an order of the United States District Court for the District of New Jersey dismissing his civil rights action. We will affirm the District Court's order.

DiPietro alleged in his complaint that he and his wife, Joanna Vassallo, were divorced in 2001. The Superior Court of New Jersey, Chancery Division, Family Part, ordered DiPietro to pay child support through the New Jersey Family Support Payment Center ("FSPC"). DiPietro averred that he made child support payments by personal and/or business check for seven years. DiPietro stated that in 2008 he was notified that his checks would no longer be accepted due to a "dishonored check history" and that he must make future payments by money order, cashier's check, certified check, or electronic payment. Compl. at 4. DiPietro alleged that he wrote a letter to the FSPC and disputed that any of his checks were returned. He complained that the new payment requirement imposed an undue hardship. DiPietro stated that he continued to make payments by personal and/or business check but the FSPC returned the checks to him.

In May 2008, the Superior Court of New Jersey, Probation Services Division for the Vicinage of Gloucester ("Probation Services") notified DiPietro that he was in arrears and that his weekly payment plus a portion of his arrears would be withheld from his income unless he contested. DiPietro averred that Probation Services also notified him that a bench warrant for his arrest would be issued and that his driving privileges would be suspended. The New Jersey Motor Vehicles Commission sent DiPietro a notice confirming the suspension.

DiPietro filed his complaint against the FSPC, Probation Services, Vicinage Assistant Chief Probation Officer Susan Sasser, the New Jersey Motor Vehicle Commission, its Chief Administrator Sharon Harrington, Case Worker Christie Morgandale, and his ex-wife, Joanna Vassallo. DiPietro claimed that the defendants violated, among other things, his due process rights, his right to equal protection, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), and the New Jersey Constitution. He also brought state law claims for malicious prosecution, malicious abuse of process, and intentional and negligent infliction of emotional distress. DiPietro sought declaratory and injunctive relief and compensatory and punitive damages.

204

The District Court granted the defendants' motions to dismiss the complaint, concluding that DiPietro failed to state a claim for relief against Vassallo and against any defendant under the FDCPA. The District Court also dismissed DiPietro's constitutional and state law claims against the state defendants under the *Younger*[1] abstention doctrine. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is plenary. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996).[2] We also exercise plenary review over the question of whether the elements required for abstention exist. *Marran v. Marran*, 376 F.3d 143, 154 (3d Cir.2004). If the elements exist, we review the decision to abstain for abuse of discretion. *Id.*

■■■ We agree with the District Court that DiPietro fails to state a claim for relief against Vassallo. DiPietro has not alleged any facts supporting the conclusion that Vassallo, who is the recipient of the child support award, acted under color of state law. He thus fails to state a claim against her under 42 U.S.C. § 1983. *See Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir.1993). DiPietro also fails to state a claim against Vassallo under the FDCPA because the FDCPA applies to debt collectors and Vassallo is not a debt collector as

defined by the statute. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir.2000).[3] We also agree, for substantially the reasons stated by the District Court, that DiPietro fails to state a claim against Vassallo under the New Jersey Constitution, for malicious prosecution or abuse of process, and for intentional or negligent infliction of emotional distress.

■■■ As noted above, the District Court dismissed DiPietro's constitutional and state law claims against the state defendants under the *Younger* abstention doctrine, which in certain circumstances requires a district court to abstain from exercising jurisdiction over a claim where its resolution would interfere with an ongoing state proceeding. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir.2010). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Id.* The District Court applied our decision in *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir.2003), in which we held that abstention was proper where persons in New Jersey, who had been incarcerated for failing to comply with their child support orders, claimed violations of their due process rights.

1. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

2. DiPietro argues in his brief that the standards for dismissal of a complaint under Rule 12(b)(6) violate the constitutional right to a jury trial. DiPietro did not raise his argument, which consists of reproduced portions of a law review article, in District Court. Because there are no exceptional circumstances justifying review, we will not entertain this argument. *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir.2005).

3. The District Court also correctly ruled that DiPietro fails to state a claim against the state defendants under the FDCPA. *See Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir.1994) (holding child support obligations are not "debts" under FDCPA); *Heredia v. Green*, 667 F.2d 392, 394 (3d Cir.1981) (holding state officers and employees attempting to collect a debt in the performance of their official duties are not "debt collectors" for purposes of the FDCPA).

The District Court correctly found that the requirements for abstention are met here. First, DiPietro alleges in his complaint that there are ongoing proceedings in New Jersey state court. Compl. at 3. We also recognized in *Anthony* that New Jersey courts are charged with monitoring, enforcing, and modifying child support obligations throughout the duration of a child support order. *Anthony*, 316 F.3d at 419. Second, there is no question that state child support proceedings implicate important state interests. *Id.* at 421. Finally, DiPietro is able to raise his claims in state court and to appeal adverse decisions through the state appellate system and to the United States Supreme Court. *Id.* at 422. We also agree with the District Court that, although DiPietro contends that bias exists in the state system, he has not shown a legitimate extraordinary circumstance justifying federal intervention. Abstention was thus proper in this case. *See also Lazaridis*, 591 F.3d at 670–71 (holding abstention appropriate where plaintiff brought due process challenge to registration and enforcement of French custody order in Delaware state court).[4]

Accordingly, we will affirm the District Court's order.[5]

---

**4.** *Anthony* involved claims for injunctive and declaratory relief. DiPietro does not argue in his brief that the District Court erred in dismissing his claims for compensatory and punitive damages and we have thus not considered this question. *See F.D.I.C. v. Deglau,* 207 F.3d 153, 169–70 (3d Cir.2000) (issue not raised in opening brief is waived).

**5.** DiPietro's motion for leave to file a Rule 28(j) letter that exceeds the permissible word limit is granted.