NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1613

_____

HARVEY HOWARD; GERALD PETROVEY,

Appellants

v.

NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES;
CLARENCE E. WHITTAKER, JR., ESQ., individually and in his former
capacity as Dispositional Review Officer for the Division of Youth and
Family Services; ROBERT LEASE, individually and in his capacity as
Dispositional Review Officer for the Division of Youth and Family Services;
and JOHN AND/OR JANE DOES 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 08-cv-4934)
District Judge:  Honorable Joel A. Pisano

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
October 7, 2010

Before:  FUENTES, JORDAN, and ALDISERT, *Circuit Judges*.

(Opinion Filed: October 28, 2010)

_____

OPINION OF THE COURT

FUENTES, *Circuit Judge*.

Appellants, Harvey Howard and Gerald Petrovey, were both employed in the New Jersey public schools. Based on incidents that occurred during the course of their employment, pursuant to N.J. Stat. Ann. § 9:6-8.11, they were investigated by the New Jersey Division of Youth and Family Services ("DYFS") and found to have neglected or abused students. For both Howard and Petrovey, the initial investigation by DYFS and the first level of appeal did not include a hearing or a plenary proceeding in which they could participate. The next level of review, however, entails a full administrative hearing before the Office of Administrative Law ("OAL"); both Howard and Petrovey have requested such hearings, which currently remain pending.

Section 9:6-8.11 also provides for the entry of the names of individuals found to have abused or neglected a child into the New Jersey Child Abuse Central Registry. Plaintiffs claim that the statute violates their due process rights under the United States and New Jersey Constitutions as it permits the entry of their names into the registry without a prior opportunity to be heard. They seek declaratory and injunctive relief, attorney fees, and damages pursuant to 42 U.S.C. § 1983.

The District Court abstained from exercising jurisdiction over the instant suit in light of the ongoing state proceedings.[1] Such abstention was proper with respect to Plaintiffs' claims for declaratory and injunctive relief. Plaintiffs' claims for damages and

_____

[1] The District Court did exercise jurisdiction to the limited extent that it ruled on the merits of a Motion for a Preliminary Injunction filed by the plaintiffs, as more fully described therein. *See infra* at 5.

attorney fees against Defendants in their individual capacities, however, should have been stayed rather than dismissed. For the reasons that follow, we will affirm in part and vacate in part and remand to the District Court for further proceedings consistent with this opinion. [2]

## I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of the case.

This case involves a challenge to the constitutionality of N.J. Stat. Ann. § 9:6-8.11, which provides for the entry of the name of an individual accused of abusing and/or neglecting a child into the New Jersey Child Abuse Central Registry. Specifically, upon receiving a report of child abuse, DYFS "shall initiate an investigation within 24 hours of receipt of the report . . . . [DYFS] shall also, within 72 hours, forward a report of such matter to the child abuse registry operated by the division in Trenton." N.J. Stat. Ann. § 9:6-8.11. Authorized entities, such as DYFS, family day care providers, and child care centers, may request information from the registry in limited circumstances such as employment background checks and screening for foster or adoptive parents. *Id.* § 9:6-8.10a.

---

[2] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291. Except with respect to the plaintiffs' Motion for A Preliminary Injunction, the District Court abstained from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). "We exercise plenary review over the legal determination of whether the requirements for abstention have been met. Once we determine that the requirements have been met, we review a district court's decision to abstain under *Younger* abstention principles for abuse of discretion." *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (internal quotation marks & citation omitted).

During the 2005–2006 school year, Howard was a special education teacher at Joyce Kilmer Elementary School. In May 2006, there was an altercation between two students in Howard's classroom. Shortly thereafter, Howard resigned as an alternative to being terminated. DYFS began an investigation into the altercation; this investigation did not involve a hearing or plenary proceeding in which Howard could participate. In August 2006, DYFS issued an investigative report finding that Howard had put two of his students at substantial risk, which met the statutory requirement for child neglect, and informed Howard that he could appeal. Howard filed an appeal, requesting a dispositional review with Defendant-Appellee Clarence E. Whittaker.

Approximately two years later, having heard nothing, Howard's attorney contacted DYFS. In a letter dated August 14, 2008, DYFS informed Howard that its policy had changed and that dispositional reviews no longer involved in-person or telephonic hearings. Rather, DYFS reviewed the investigative report and other case information "to determine if they provide sufficient support for the substantiation." (Supplemental App. ("S.A.") at 20.) Howard's Dispositional Review had been completed and the finding of substantial neglect affirmed. Howard was given the opportunity for a full administrative hearing before the OAL. Howard requested an OAL hearing, which is currently pending. If the results of the OAL hearing are unfavorable, he may appeal to the Appellate Division of the New Jersey Superior Court.

Petrovey was a custodian at Woodbridge High School during the 2000–2001 school year. In June 2000, a student at the school tripped Petrovey, causing him to fall down some stairs and be seriously injured. The student then kicked Petrovey, and

-4-

Petrovey struck the student. In March 2001, Petrovey reached a settlement with the Woodbridge Township Board of Education and resigned. DYFS investigated the incident and found, without a hearing or plenary proceeding, that physical abuse was substantiated. Petrovey requested a dispositional review of the finding with Defendant-Appellee Robert Lease. More than six years later, by letter dated May 2, 2007, DYFS informed Petrovey that his dispositional review had been completed without a hearing and that the finding of substantiated abuse had been affirmed. Petrovey requested an OAL hearing, which remains pending. After the OAL hearing, Petrovey may appeal to the Appellate Division of the New Jersey Superior Court.

Plaintiffs brought an action in federal court against DYFS and against Whittaker and Lease, individually and in their capacities as Dispositional Review Officers for DYFS. Plaintiffs allege that N.J. Stat. Ann. § 9:6-8.11 violates their due process rights under the United States and New Jersey Constitutions. As previously noted, Plaintiffs filed a Motion for a Preliminary Injunction to enjoin the ongoing state administrative proceedings. Defendants opposed Plaintiffs' request for a preliminary injunction and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court denied Plaintiffs' motion, holding that they had failed to show any likelihood of success on the merits or irreparable injury caused by a denial of injunctive relief. Concluding that DYFS was immune from suit under the Eleventh Amendment and that abstention was warranted in light of the ongoing state administrative proceedings, the District Court granted Defendants' motion to dismiss and closed the case. Plaintiffs challenge both of these rulings.

-5-

**II.**

The District Court abstained from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate where "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (citing *Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200 (3d Cir. 1992)). Even when this test is met, there are two exceptions: "*Younger* abstention is not appropriate when '(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 n.4 (3d Cir. 2010) (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

*Younger* operates to bar suits for injunctive and declaratory relief. *Anthony v. Council*, 316 F.3d 412, 418 n.6 (3d Cir. 2003) (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)). With respect to Plaintiffs' injunctive and declaratory claims, all three requirements for *Younger* abstention are satisfied. First, there are ongoing state proceedings that are judicial in nature, as both Howard and Petrovey have pending OAL hearings. Second, the protection of children from abuse and neglect is an important state interest. Third, Plaintiffs may challenge the constitutionality of N.J. Stat. Ann. § 9:6-8.11 on due process grounds in the state proceedings. *See Zahl v. Harper*, 282 F.3d 204, 210 (3d Cir. 2002). Furthermore, neither of the exceptions to *Younger* applies here. Plaintiffs do not claim that the DYFS proceedings are motivated by bad faith or for the purpose of

-6-

harassment. We have explained that "circumstances are extraordinary in the relevant *Younger* sense where they create an extraordinarily pressing need for immediate federal equitable relief, and do not simply present a unique or unusual factual situation." *Sullivan v. City of Pittsburgh*, 811 F.2d 171, 179 (3d Cir. 1987) (internal quotation marks & citations omitted). In arguing that abstention is improper here, Plaintiffs cite the long duration of the state proceedings; this is insufficiently extraordinary to warrant federal relief. Accordingly, we will affirm the dismissal of Plaintiffs' claims for injunctive and declaratory relief against all Defendants. [3]

With respect to Plaintiffs' claims for damages and attorney fees against Whitaker and Lease in their individual capacities, however, we have held that "a district court, when abstaining from adjudicating a claim for injunctive relief, should stay and not dismiss accompanying claims for damages and attorney fees when such relief is not available from the ongoing state proceedings." *Williams v. Hepting*, 844 F.2d 138, 144–45 (3d Cir. 1988) (internal quotation marks & citation omitted). Here, the District Court dismissed Plaintiffs' damages and attorney fees claims against all Defendants rather than staying them. [4]

---

[3] We also affirm the denial of plaintiffs' motion for preliminary injunctive relief, because, for the reasons cited by the District Court, the plaintiffs failed to demonstrate entitlement to such relief.

[4] Defendants argue that dismissal of these claims was nevertheless warranted based on a declaration that they submitted with their response to the motion for preliminary injunction that stated that names are not placed in the Registry during the pendency of an appeal. (S.A. at 34–35.) It states further that as of the date of the declaration, no check of the Registry had been requested or performed with respect to Howard. (*Id*. at 35.) "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document

The damages and attorney fees claims against DYFS were properly dismissed instead of stayed because DYFS is immune from suit under the Eleventh Amendment. *See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) ("[T]he Eleventh Amendment . . . has been interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court."). Whittaker and Lease in their official capacities are similarly immune from a suit for damages. *See id.* While they can be sued in their official capacities for injunctive relief, *see Ex Parte Young*, 209 U.S. 123, 155–56 (1908), such claims were subject to dismissal under *Younger*. Accordingly, we will affirm the District Court's dismissal of all claims, including those for damages and attorney fees, against DYFS and against Whittaker and Lease in their official capacities.

As to Plaintiffs' claims for damages and attorney fees against Whittaker and Lease in their individual capacities, the District Court should have stayed rather than dismissed these claims. Thus, we will vacate the District Court's Order with respect to these claims only. [5]

---

*integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks & citations omitted). The declaration submitted by Defendants does not fall into this exception and thus may not be considered at the motion-to-dismiss stage. All of Defendants' arguments in favor of dismissal rely on this declaration and are thus unavailing.

[5] Plaintiffs raise various other challenges to the District Court's dismissal order and the order denying their motion for preliminary injunction. As these arguments are without merit, we decline to address them further.

-8-

**III.**

For the foregoing reasons, we affirm the District Court's denial of Plaintiffs' motion for preliminary injunction. We affirm in part and vacate in part the District Court's Order granting Defendants' motion to dismiss and remand for further proceedings in accordance with this opinion.