DLD-183                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1546
_____

UNITED STATES OF AMERICA

v.

WAYNE J. MORUZIN,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 1:05-cr-00306-001)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 17, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: May 25, 2012)
_____

OPINION
_____

PER CURIAM

       Wayne Moruzin, a federal prisoner proceeding pro se, appeals from the District

Court's denial of his claim that his term of supervised release should have begun in

September 2011.  For the reasons that follow, we will modify the District Court's order

and summarily affirm that order as modified.

## I.

In April 2005, Moruzin was indicted in the United States District Court for the District of New Jersey ("the District Court") on one count of bank robbery. A superseding indictment was later issued, charging him with both bank robbery and jury tampering. In September 2010, Moruzin, acting pursuant to a written plea agreement, pleaded guilty to both charges in the superseding indictment. In December 2010, the District Court imposed a 120-month prison sentence and ordered that, "[u]pon [his] release from imprisonment," Moruzin was to serve a three-year term of supervised release. Moruzin appealed from the judgment of sentence, but the Government moved to summarily dismiss the appeal based on the fact that the plea agreement had contained an appellate-waiver provision. In June 2011, we granted the Government's motion.

In November 2011, Moruzin filed a pro se document, titled "'Emergency Motion' for Clarification and Immediate Release of Defendant, Pursuant to 18 U.S.C. § 3583," in the District Court. In this motion, Moruzin argued that his 120-month term of imprisonment *included* his three-year term of supervised release, and that, as a result, his term of supervised release should have commenced in September 2011. In light of this argument, Moruzin sought an order directing the Government to release him from prison so that he could begin serving his term of supervised release.

The Government opposed Moruzin's motion, averring that his projected release date from prison was August 12, 2013, and that his term of supervised release would not

begin to run until he was released from prison. Moruzin subsequently filed a reply and a supplemental reply to the Government's opposition. On February 6, 2012, the District Court entered an order denying the motion on the merits. This timely appeal followed.[1]

## II.

Since Moruzin's motion effectively challenged the execution of his sentence, the motion constituted a habeas corpus petition filed under 28 U.S.C. § 2241. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Such a petition must be filed in the district in which the prisoner is incarcerated at the time he files the petition. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004).

At the time Moruzin filed his motion, he was incarcerated at the United States Penitentiary Terre Haute in Indiana.[2] As a result, he should have filed the motion in the United States District Court for the Southern District of Indiana ("the Southern District of Indiana"). Since he did not do so, the District Court should have disposed of it on jurisdictional grounds instead of reaching the merits. See id. at 443 ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Despite the above, we need not remand this matter. Instead, we will modify the

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and may uphold the District Court's judgment on any basis supported by the record. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam).

[2] It appears that Moruzin is still incarcerated at that facility.

3

District Court's February 6, 2012 order so that its denial is without prejudice and is based on the court's lack of jurisdiction. We note that "the interest of justice" did not require the District Court to transfer Moruzin's motion to the Southern District of Indiana pursuant to 28 U.S.C. § 1631, as the explicit terms of his judgment of sentence, along with the controlling legal authority highlighted by the District Court, clearly contradict his argument that his term of supervised release should begin *before* he completes his 120-month prison term.

Since this appeal does not present a substantial question, we will modify the District Court's February 6, 2012 order and summarily affirm that order as modified.[3] See 3d Cir. I.O.P. 10.6. Moruzin's request for oral argument, which is set forth in his notice of appeal, is denied.

---

[3] To the extent Moruzin's notice of appeal takes issue with aspects of his underlying criminal proceedings, those issues are outside the scope of this appeal.