**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1814
_____

DANITA HAYER,

                    Appellant

v.

UNIVERSITY OF MEDICINE AND
DENTISTRY OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-07-cv-00251)
District Judge: Hon. Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2012

BEFORE: SCIRICA, GREENAWAY, JR. and COWEN,  Circuit Judges

(Filed:  July 31, 2012)

_____

OPINION
_____


COWEN, Circuit Judge.

        Plaintiff, who is African-American, alleged that defendant retaliated and

discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* The district court granted defendant's motion for summary judgment on plaintiff's retaliation claim; following a trial on plaintiff's discrimination claim, a jury returned a verdict in favor of defendant. After the jury returned its verdict, plaintiff filed a motion for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50, and alternatively, a motion for a new trial pursuant to Fed. R. Civ. P. 59. The district court denied plaintiff's motions. Plaintiff's appeal is limited to her discrimination claim. She argues that the district court erroneously denied her motions and erred in admitting certain evidence, requiring a new trial on her discrimination claim. For the following reasons, we will affirm the district court's judgment.

(A)     Our review of a district court's grant or denial of a judgment as a matter of law pursuant to Fed. R. Civ. P. 50 is plenary. *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 88 (3d Cir. 2000). As plaintiff acknowledges in her brief, "[t]he rule that a post-trial Rule 50 motion can only be made on grounds specifically advanced in a motion for a directed verdict at the end of plaintiff's case is the settled law of this circuit." *Kutner Buick, Inc. v. Am. Motors Corp.*, 868 F.2d 614, 617 (3d Cir. 1989) (citations omitted). Plaintiff did not make a Rule 50 motion prior to the case being submitted to the jury. The reason plaintiff advances for failing to do so is that it was "obvious to [plaintiff's] counsel that his contemplated [Rule 50] motion would be similarly dealt with by the Court," as the defendant's renewed motion to dismiss, which was denied.

Plaintiff's reason for not making a motion for a directed verdict at the close of the case is illogical. And even if counsel correctly believed that such a motion would be fruitless before the district court, making the motion serves the purpose of preserving the issue for appeal. Consequently, this reason is insufficient to justify a departure from clearly settled law of this circuit. The district court did not err in denying plaintiff's Rule 50 motion; we will affirm the district court's judgment.

(B)     Plaintiff additionally argues that the district court erred in denying her Rule 59 motion for a new trial on the grounds that 1) the testimony of defendant's witness, Laxmi Vazirani, defendant's manager of Affirmative Action Equal Employment Opportunity during the relevant time period ("Vazirani"), was not stricken from the record; 2) evidence that another employee, who is Caucasian, was treated more favorably requires a judgment in her favor; and 3) the jury selection process violated her equal protection rights. She additionally argues that a new trial should be granted because the district court erroneously admitted into evidence the EEOC's Right to Sue Letter ("EEOC Letter") over her trial objection. Generally, the denial of a Rule 59 motion for a new trial and a ruling on the admission of evidence are reviewed for abuse of discretion. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (rulings on Rule 59 motions reviewed for abuse of discretion); *Coleman v. Home Depot*, 306 F.3d 1333, 1341 (3d Cir. 2002) (admission of evidence reviewed for abuse of discretion). To the extent that a different standard applies, it is noted.

Plaintiff contends that Vazirani's testimony regarding the investigation she

conducted should have been stricken because Vazirani's investigation was flawed and in violation of EEOC guidelines. Plaintiff did not object to or make a motion to strike this evidence during trial. Nevertheless, the district court considered plaintiff's argument in deciding her Rule 59 motion. We find no abuse of discretion in the district court's judgment. Plaintiff's argument is relevant to the weight to afford Vazirani's testimony, not its admissibility. She had an opportunity to cross-examine Vazirani as to the deficiencies of the investigation and make an argument to the jury about the weight it should afford her testimony. Plaintiff cites no authority supporting her position that testimony based on a flawed investigation renders the evidence inadmissible. As a result, the admission of this evidence does not warrant granting a new trial.

We also find no abuse of discretion in the district court's denial of plaintiff's Rule 59 motion on the ground that there was evidence of defendant's more favorable treatment of another employee who is Caucasian. It is not for us to weigh the evidence to determine whether we agree with the jury's verdict; we only determine whether "there exists that minimum quantum of evidence necessary to support the jury's finding." *Roebuck v. Drexel Univ.*, 852 F.2d 715, 731 (3d Cir. 1988). The record supports the jury's conclusion that plaintiff was not being treated differently because of her race. Comparator evidence is not dispositive of liability, particularly where, as here, the evidence regarding the comparator and as a whole reveals a legitimate question as to whether the actions taken against plaintiff were because of her race. Therefore, we will affirm the district court's judgment on this issue as well.

Plaintiff's final argument raised in her Rule 59 motion and before us on appeal is that the jury selection process violated her right to equal protection because the jury did not represent a fair cross-section of the community. Because this argument is based on the interpretation and application of a legal precept, our review is plenary. *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). To prevail on this claim, plaintiff must show that the underrepresentation resulted from "purposeful discrimination" by demonstrating (1) "the group alleged to be excluded is a 'distinctive' group in the community;" (2) "the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community;" and (3) "this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri,* 439 U.S. 357, 364 (1979). Plaintiff's counsel highlights several factors that might explain the disparity he identifies between the percentage of African-Americans in the community and the percentage of the eligible African-American jurors. While the system might not be perfect, we do not have the benefit of any expert statistical analysis or opinion and counsel's own analysis is no substitute. Further, the disparity identified by counsel and the factors that might explain it do not establish that the jury selection process is intended to systematically exclude African-Americans from jury pools. And there is no evidence to suggest that the jury selection process was not random. Therefore, we reject plaintiff's argument for a new trial on this ground.

Finally, plaintiff argues that a new trial is warranted because the district court

allowed the EEOC Letter to be admitted into evidence. Plaintiff did not raise this argument in her Rule 59 motion before the district court, but objected to the EEOC Letter's admission during trial. We will review it under an abuse of discretion standard. In support of her argument that the EEOC Letter was erroneously admitted, plaintiff merely states, "The Right to Sue letter's admission violated FRE 401, 403 Evans v. Port Authority, 273 F.3d 346, 350 nn.324 [*sic*] (3d Cir. 2001) and Coleman v. Home Depot, 306 F.3d 1333 (3d Cir. 2002)." (Pl. Br. 23.) Neither *Coleman* nor *Evans* is persuasive or forecloses the admission of the EEOC Letter in this case. In both of those cases we found no abuse of discretion in the trial court's exclusion of an EEOC right to sue letter. And in *Coleman* we emphasized that whether to admit an EEOC right to sue letter is within the discretion of the district court. *Coleman*, 306 F.3d at 1345. The plaintiff has given us no reason to conclude that the probative value of the admission of the EEOC Letter is "substantially outweighed" by its prejudicial effect. And our independent review of the record reveals no abuse of discretion in the district court's implicit finding that the EEOC Letter was admissible under Rule 403. Consequently, we need not decide whether plaintiff's failure to raise this argument in her Rule 59 motion before the district court forecloses her from making the argument on appeal because, regardless, the admission of the EEOC Letter cannot be a basis on which to grant a new trial.

For the foregoing reasons, the district court's judgment will be affirmed.