DLD-130                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3557
_____

CHRISTOPHER A. IRELAND,
Appellant

v.

DONNA JO MCDANIEL; LAURA DITKA; J. RICHARD NARVIN; THOMAS N.
FARRELL; GREGG MATTHEWS; NYKEISHA N. THOMAS; JOHN DOE; ALLEGHENY
POLICE DEPARTMENT; ALLEGHENY COUNTY SALARY BOARD; ALLEGHENY
COUNTY OFFICE OF PUBLIC DEFENDER; ALLEGHENY COUNTY OFFICE OF
DISTRICT ATTORNEY; ALLEGHENY COUNTY DEPARTMENT OF COURT RECORDS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:10-cv-00387)
District Judge:  Honorable David S. Cercone
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and for
Possible Dismissal Due to Jurisdictional Defect
February 22, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: March 8, 2013)
_____

OPINION
_____

PER CURIAM

Christopher A. Ireland appeals pro se from the District Court's order denying his motion for reconsideration. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order.

I.

In October 2004, a jury in the Allegheny County Court of Common Pleas acquitted Ireland of all felonies that had been charged in the criminal complaint against him, including felony Endangering the Welfare of a Child (EWC) in the third degree. However, the jury convicted him of misdemeanor EWC for failure to pay child support, despite that crime's absence from the bill of information. Ireland was then erroneously sentenced to two-and-one-half to seven years of imprisonment – the maximum sentence for felony EWC in the third degree. Close to three years later, the Superior Court reversed the judgment of sentence and remanded Ireland's case, tasking the Court of Common Pleas with aligning Ireland's sentence with his misdemeanor conviction and hearing Ireland's ineffective assistance of counsel claims. Thus, after serving more than four years in prison for a conviction of a third degree misdemeanor (including during the pendency of his trial), Ireland was released from prison on bond. On January 22, 2008, the Allegheny County Court of Common Pleas dismissed all charges against Ireland, but apparently failed to consider the issue of ineffective assistance of counsel.

On January 21, 2010, Ireland filed a civil rights complaint in the United States District Court for the Middle District of Pennsylvania, which was later transferred to the Western District. His complaint, as amended, alleged that the trial judge and employees and supervisors of the Allegheny County Office of the Public Defender, Allegheny County Police

Department, Allegheny County District Attorney's Office, and Allegheny County Salary Board engaged in unconstitutional acts resulting in his incarceration. The District Court dismissed Ireland's claims against all defendants except Detective Gregg Matthews, who subsequently filed a successful motion for summary judgment.[1] Ireland then filed a motion for reconsideration, claiming that the Magistrate Judge and District Court had committed errors of law in granting summary judgment in Matthews' favor. The District Court denied Ireland's motion for reconsideration on August 2, 2012, and Ireland filed a timely notice of appeal as to that order.[2]

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may summarily affirm the District Court's decision if the appeal presents no substantial question. See L.A.R. 27.4; I.O.P. 10.6.

## III.

Generally, motions for reconsideration under Federal Rule of Civil Procedure 59(e) must rely on one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 669 (internal citation omitted). Ireland's motion did

---

[1] Ireland's claim against the Allegheny County Salary Board was dismissed in the same order that granted summary judgment in favor of Matthews.
[2] The 30-day period to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A) expired on Saturday, September 1, 2012. Monday, September 3, 2012, was the court holiday of Labor Day, making September 4, 2012, the effective last day to file a notice of appeal.

not rely on an intervening change in controlling law or the availability of new evidence. Rather, Ireland contended that the Magistrate Judge misapplied the summary judgment standard, and that the District Court erred by adopting the Report and Recommendation in light of the Magistrate Judge's errors of fact and law. Upon review of the record and the litigants' briefs in support of and opposition to summary judgment, we find that the District Court applied the proper legal standard in granting summary judgment in Matthews' favor. Therefore, we agree with the District Court that Ireland's motion for reconsideration did not demonstrate the existence of a clear error of law or manifest injustice.

Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and IOP 10.6.