we will summarily affirm. *See* Third Cir. LAR 27.4; I.O.P. 10.6.

Emmanuel N. LAZARIDIS, individually and in his capacity as legal custodian of V.L., a minor,

v.

Lavina Tina WEHMER; Matthew Neiderman; Catherine Suter; Afroditi Mina Mauroeidi; Office of the Attorney General of the State of Delaware; Attorney General Joseph Biden, III.

Emmanuel N. Lazaridis, Appellant.

No. 09–1342.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1 on Dec. 3, 2009.

Filed: Jan. 7, 2010.

See also 901 A.2d 120.

Emmanuel N. Lazaridis, Lazaridis–Kortsidakis, Smyrnis, Crete, Greece, Pro Se Appellant.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Pro se appellant Emmanuel Lazaridis filed a complaint in the United States District Court for the District of Delaware raising various constitutional and statutory claims relating to child custody proceedings and the registration of foreign custody orders in the state of Delaware against his ex-wife, her attorneys, and the Delaware Attorney General. Lazaridis now appeals from the District Court's October 30, 2008 and January 14, 2009 orders dismissing his complaint and denying his motion for reconsideration. For the reasons that

follow, we affirm the District Court's orders.

## I. *Background*

At issue in this appeal is the custody of V.L., Lazaridis's and defendant Wehmer's daughter.[1] In June 2004, a French court granted Wehmer and Lazaridis joint custody of V.L. but ordered that the child's primary residence be with Wehmer. Wehmer thereafter sought to register the French custody order in Delaware Family Court pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as adopted by the State of Delaware.[2] *See* 13 Del. C. Ann. § 1934(a). As permitted by Delaware law, Lazaridis challenged the registration of the order. *See* 13 Del. C. Ann. § 1934(d). In March 2005, the Family Court held a hearing at which Lazaridis's attorney argued that Delaware lacked jurisdiction to enforce or to register the French order. Although the Family Court ordered briefing on "whether there were any valid grounds for challenging the registration," it ultimately denied Lazaridis's motion.

Lazaridis appealed to the Delaware Supreme Court, claiming, among other things, that: (1) the UCCJEA violates the Delaware Constitution; (2) the UCCJEA, as applied, violated his right to due process; and (3) the Family Court abused its discretion by ordering the registration of the French order. In June 2006, the Delaware Supreme Court affirmed the Family Court's order and declined to consider Lazaridis's constitutional claims because he had not raised them before the Family Court. *See Letsos v. Warren,* 901 A.2d 120 (Del.2006).

In August 2006, Lazaridis filed a motion in Family Court seeking relief from the registration and enforcement of the 2004 French custody order on the basis that Greece was exercising jurisdiction over V.L. He claims that the Family Court never ruled on this motion.

Meanwhile, in August 2005, a French court issued another custody order giving Wehmer the right to "exclusively exercise parental authority" over V.L. In October 2006, Wehmer requested that the Family Court register the order, and on December 6, 2006, Lazaridis filed a motion challenging the registration of that order.

On December 27, 2006, Lazaridis filed the instant complaint against Wehmer, her attorneys, and the Delaware Attorney General. Lazaridis set forth the following three claims: (1) the UCCJEA and Uniform Interstate Family and Support Act ("UIFSA") violated the due process rights guaranteed by the Delaware Constitution and the Fourteenth Amendment of the United States Constitution, both generally and as applied to him; (2) V.L.'s "fundamental rights" were violated because the Delaware courts applied the UIFSA and UCCJEA rather than Greek law, which includes the United Nations Convention on the Rights of the Child; and (3) Wehmer and her attorneys conspired to violate Lazaridis's and V.L.'s rights under 42 U.S.C. § 1983. Lazaridis asked the District Court to enjoin the Delaware courts from enforcing current or future foreign orders registered in Delaware Family Court under the UCCJEA or UIFSA. He also sought to enjoin the defendants from reg-

---

**1.** Lazaridis and V.L. currently reside in Greece.

**2.** The Delaware courts treat foreign custody orders the same as custody orders from other states, and "a child custody determination

made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this chapter must be recognized and enforced...." 13 Del C. Ann. § 1905(a), (b).

istering or enforcing French orders in Delaware courts. Finally, Lazaridis requested monetary damages pursuant to the § 1983 claim.

On January 31, 2007, a Greek court issued a custody order granting temporary custody of V.L. to Lazaridis. That order was continued on April 27, 2007. And on July 30, 2007 the Delaware Family Court vacated the registration of the 2005 French order, citing the January 2007 Greek order.

In August 2007, Lazaridis filed a motion to reopen in Family Court seeking to vacate the registration of the 2004 French order. The Family Court, on November 29, 2007, issued a decision denying his request based on the doctrine of res judicata. *T.W. v. E.L.*, No. CN04–08707, 2007 WL 4793123 (Del.Fam.Ct. Nov.29, 2007).

Before the Family Court issued its November 2007 decision, the District Court sua sponte dismissed Lazaridis's complaint under 28 U.S.C. § 1915(e)(2)(B) based on its determination that Lazaridis was barred from filing suit under the so-called fugitive disentitlement doctrine. *See Ortega–Rodriguez v. United States*, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993); *Degen v. United States*, 517 U.S. 820, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). On appeal, we vacated the District Court's order after finding that the fugitive disentitlement doctrine did not apply to Lazaridis.

On remand, the District Court sua sponte dismissed Lazaridis's complaint under the following rationales: (1) the lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, or alternatively by reason of res judicata and collateral estoppel (claim no. 1—2004 French order); (2) the *Younger* abstention doctrine (claim no. 1—2005 French order); (3) as frivolous (claim nos. 2 and 3); and (4) for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B) (claim nos. 2 and 3). The District Court denied Lazaridis's outstanding motions for service and for "renewed consideration of prior motions" as moot. Lazaridis subsequently filed a motion for reconsideration, which the District Court denied on January 14, 2009.

Lazaridis timely appealed. Our jurisdiction rests on 28 U.S.C. § 1291.

## II. *Analysis*

### A. *Denial of the Motion to Reconsider*

Lazaridis first appeals from the District Court's denial of his Rule 59 motion. In this case, the appropriate standard of review is for an abuse of discretion. *See Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir.1986).

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). Lazaridis's motion advanced the same arguments that were in his complaint and motions. Because this is not a proper basis for reconsideration, the District Court appropriately denied the motion.

### B. *Dismissal of the Complaint*

We also have jurisdiction to review the District Court's October 30, 2008 order dismissing Lazaridis's complaint because his timely Rule 59(e) motion tolled the time to file a notice of appeal. *See* Fed. R.App. P. 4(a)(4)(A)(iv); *Rauscher*, 807

F.2d at 348 (internal quotation and citation omitted). Our standard of review is plenary. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000) (stating standard of review for dismissal under 28 U.S.C. § 1915(e)(2)); *Gwynedd Properties, Inc. v. Lower Gwynedd*, 970 F.2d 1195 (3d Cir. 1992) (stating standard of review over legal determination as to whether *Younger* abstention requirements are met); *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir.2006) (stating standard of review for dismissal under *Rooker–Feldman* doctrine). We may, however, affirm the District Court's judgment on any basis found in the record. *See Erie Telecomms. v. City of Erie*, 853 F.2d 1084, 1089 n. 10 (3d Cir.1988).

### (1)

Lazaridis first sets forth constitutional challenges to the registration and enforcement of the 2004 and 2005 French custody orders. The District Court applied the *Younger* abstention doctrine to Lazaridis's challenges to the registration and enforcement of the 2005 French order only. We conclude, however, that *Younger* requires the dismissal of Lazaridis's first claim in its entirety. *See Younger v. Harris*, 401 U.S. 37 (1971).[3]

■ In certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). However, such abstention is appropriate only when the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.[4] *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir.2005). Lazaridis's first claim satisfies each of these requirements.

■ The state court actions regarding the registration of the French orders were pending when Lazaridis filed his federal court complaint on December 27, 2006, satisfying the test's first prong. In August 2006, Lazaridis filed a motion with the Delaware Family Court seeking relief from the registration of the 2004 order, and on December 8, 2006, he filed a motion challenging the registration of the 2005 order.

■ It is also clear that the Delaware state courts presented an adequate forum in which Lazaridis could pursue his claims regarding the constitutionality of Delaware statutes. *See Juidice v. Vail*, 430 U.S. 327, 337, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (stating that *Younger* requires only "an opportunity to present federal claims in a state proceeding"). The "burden on this point rests on the federal plaintiff to

---

**3.** While the District Court dismissed part of this claim based on a lack of subject matter jurisdiction, *Younger* abstention "represents the sort of 'threshold question' [that] may be resolved before addressing jurisdiction." *Tenet v. Doe*, 544 U.S. 1, 6 n. 4, 125 S.Ct. 1230, 161 L.Ed.2d 82 (2005). Because we hold that *Younger* abstention is appropriate, we need not consider whether the District Court had subject matter jurisdiction over this claim.

**4.** Even when the three-prong test is met, *Younger* abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist...." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir.1989). Neither of these exceptions applies here.

show that state procedural law barred presentation of its claims." *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–15, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (internal citation and quotation omitted). Lazaridis has failed to carry this burden. Further, although he did not raise his federal constitutional claims in state court and would likely be precluded from doing so now, this does not save his claim, as the Supreme Court held in *Pennzoil* that one "cannot escape *Younger* abstention by failing to assert . . . remedies in a timely manner [in state court]." *Id.* at 16 n. 16, 107 S.Ct. 1519.

The second prong of the test asks whether the state proceedings implicate important state interests. We have held that when the other elements of the *Younger* test are met, neither injunctive nor declaratory relief will be available "in cases in which the federal relief would render the state court's orders or judgments nugatory." *Schall*, 885 F.2d at 108; *Juidice*, 430 U.S. at 336 n. 12, 97 S.Ct. 1211. "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction . . . and in which the state courts have a special expertise and experience." *Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir.2000). Lazaridis requests a declaration that the UCCJEA and the UIFSA are unconstitutional, an injunction preventing Delaware from registering or enforcing current or future custody or-

ders registered pursuant to Delaware law, and an injunction precluding private parties from registering or enforcing the French custody orders. Such relief would nullify the Delaware court's judgments regarding the appropriateness of registering the French custody orders.[5]

■ Lazaridis essentially wants wholesale federal intervention into a state dispute. He seeks the vacation of existing orders and a federal injunction directing future litigation. Were the District Court to grant this relief, it could "readily be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). This is precisely the type of case suited to *Younger* abstention, as the state proceeding implicates the important state interest of preserving the state's judicial system.[6]

Because all elements of the three-prong test for *Younger* abstention are met, we hold that the District Court properly dismissed Lazaridis's first claim, albeit on different grounds.

### (2)

■ Lazaridis's second claim, which he seeks to reopen in the name of his daughter, asserts that the registration of the French orders violated his daughter's rights because the Delaware courts did not apply Greek law, the United Nations Convention on the Rights of the Child (which

---

**5.** Because the state court rulings dealt with state custody law issues, other important state interests are implicated as well. *See Moore v. Sims*, 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("Family relations are a traditional area of state concern.").

**6.** To the extent that Lazaridis seeks a declaration that the Delaware courts violated the UCCJEA and the UIFSA, as adopted by Delaware, this alleged violation is one of state law. Although Lazaridis asserts due process violations, we do not construe the alleged misap-

plication of state law as violative of substantive federal due process. The constitution does not guarantee that the decision of state courts shall be free from error. *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299, 58 S.Ct. 185, 82 L.Ed. 268 (1937). As explained by the Supreme Court, "[w]e have long recognized that a 'mere error of state law' is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n. 21, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

the United States has not ratified), or appropriately apply the "best interest of the child" standard under Delaware law. Because Lazaridis may not represent his child in federal court as a non-lawyer parent, *Osei–Afriyie v. Medical College of Pennsylvania,* 937 F.2d 876, 877 (3d Cir. 1991), we will dismiss the appeal as to this claim.

### (3)

 Lazaridis's third claim asserts that his former wife and her attorneys conspired to violate his civil rights under 42 U.S.C. § 1983. A claim brought under § 1983 can only be sustained if the defendant has deprived the plaintiff of a federal constitutional or statutory right while acting under color of state law. *Kaucher v. County of Bucks,* 455 F.3d 418, 423 (3d Cir.2006). Lazaridis has failed to set forth facts suggesting that the defendants are state actors or acted under color of state law. *See Brown v. Philip Morris Inc.,* 250 F.3d 789, 806 (3d Cir.2001). Accordingly, this claim has no legal merit and the District Court appropriately dismissed it under 28 U.S.C. § 1915.

### III.

Given our preceding discussion, we agree with the District Court that it was unnecessary to provide Lazaridis with an opportunity to amend his complaint because any amendment would have been futile. *Cf. In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). Further, we conclude that the District Court appropriately denied Lazaridis's outstanding motions as moot.

For the foregoing reasons, we will affirm the District Court's October 30, 2008 and January 14, 2009 orders.