BLD-271                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1841
_____

WILLIAM DYKEMAN,
                                                    Appellant

v.

STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-04845)
District Judge:  Honorable Garrett E. Brown, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 19, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: September 14, 2010 )
_____

OPINION
_____

PER CURIAM

    William Dykeman appeals the District Court's order denying his motion for

reconsideration and to amend his complaint.  For the reasons below, we will summarily

affirm the District Court's order.

The procedural history of this case and the details of Dykeman's claims are set forth in the District Court's thorough opinions, and need not be discussed at length. Briefly, on September 26, 2008, Dykeman filed a civil rights complaint. He complained of the representation he was receiving in state court on his direct appeal of his state court convictions for, inter alia, three counts of sexual assault. He requested that the District Court assign him competent counsel. On December 1, 2008, the District Court dismissed the complaint for failure to state a claim. It observed that federal courts are barred from interfering with state criminal prosecutions unless extraordinary circumstances exist. Younger v. Harris, 401 U.S. 37 (1971). To the extent that Dykeman sought release, the District Court noted that his remedy would be a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). As for his claim of a denial of access to courts, the District Court concluded that Dykeman could not bring such a claim because he had not lost the opportunity to file his pro se brief on direct appeal.

On December 24, 2008, Dykeman filed a motion to amend his complaint arguing that he was entitled to a new sentencing hearing in state court. He challenged the District Court's conclusion that he had not been denied an opportunity to present his claims to the state court. He argued that his situation was distinguishable from Younger. In April 2009, he filed a petition for a writ of mandamus requesting a new sentencing in state court. On September 24, 2009, the District Court denied the motion to amend and the mandamus petition.

2

On December 1, 2009, Dykeman filed a motion for reconsideration which included a request to amend his complaint. He claimed that the District Court's September 24th order was based on an error of fact: that he was able to file a pro se brief on his direct appeal. He also argued that his situation is distinguishable from Younger because he was blocked from filing his brief. Finally, he asserted that his legal access had been "virtually halted" since July 3, 2009. On March 2, 2010, the District Court denied Dykeman's motion for reconsideration and to amend. It noted that mere disagreement with its decision was not grounds for reconsideration. Dykeman filed a notice of appeal from the District Court's March 2nd order.

We generally review the District Court's denial of a motion for reconsideration for an abuse of discretion. If the denial is based on a legal question, our review is plenary. Koshatka v. Philadelphia Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). A motion for reconsider is for correcting manifest errors of law or presenting newly discovered evidence. "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Dykeman's contention that the District Court erred in concluding that he had been able to file a brief on appeal is meritless. The Superior Court of New Jersey considered Dykeman's pro se arguments on appeal. "Defendant has also raised a number of

3

arguments in his pro se supplemental brief. After reviewing defendant's contentions regarding his convictions in light of the record and the applicable law, we are satisfied that all of his arguments are without sufficient merit to warrant extended discussion in a written opinion." State v. Dykeman, 2009 WL 529220 at *2 (N.J. Super. A.D. Mar. 4, 2009). According to a letter Dykeman submitted with his motion for reconsideration, the Supreme Court of New Jersey accepted a pro se brief from him as well.

Dykeman's argument that his situation is distinguishable from Younger is not based on new law or new evidence. The District Court did not clearly err in applying Younger to Dykeman's claims, and reconsideration is not needed to prevent manifest injustice. His previously-presented argument based on Wilkinson v. Dotson, 544 U.S. 74 (2005) – that he can request a new sentencing hearing in state court without filing a habeas petition – likewise does not support reconsideration. Moreover, these arguments are without merit.[1]

Dykeman argued in his motion for reconsideration that his legal access had been blocked since July 2009 and that this constituted new evidence. He also asserted that he was denied pens, paper, and envelopes.[2] However, as noted by the District Court,

_____

[1] Dykeman admits that his argument may be a "wishful overreading" of Wilkinson.

[2] While not dispositive of this claim, we note that Dykeman's factual allegations appear to be undermined by his pleadings in another District Court action. In one pleading, Dykeman stated that he was sent to administrative segregation in July 2009 after being found guilty of a disciplinary charge. This would explain his reduced access to a prison law library. According to his prison bank account statement attached to that pleading, Dykeman had over forty transactions for legal copies and legal mail between

4

Dykeman did not explain how he was injured by this alleged lack of legal access. He only repeated his earlier allegation that he was denied his ability to file a supplemental brief. This allegation is both meritless and not new. These allegations do not support reconsideration or amendment of the complaint.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

---

July 10, 2009, and October 8, 2009. Motion for Reconsideration, Dykeman v. New Jersey, Civ. No. 09-4212 (D.N.J. Dec. 4, 2009). Thus, it is difficult to imagine that he was being denied pens, paper, and envelopes.