BLD-015                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3096
_____

ANGELA ROBINSON; JOHNNY ROBINSON
Individually and as the parents of the minor plaintiff; J. R.,
Appellants

v.

ERIC HICKS; TINA KING; CITY OF HARRISBURG;
SHARON BOLOGNESE; CPYSL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-07-cv-01751)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2012

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:  November 15, 2012)
_____

OPINION
_____

PER CURIAM

     Angela Robinson and Johnny Robinson, individually and on behalf of the minor

J.R., appeal pro se from an order of the United States District Court for the Middle

District of Pennsylvania denying the Robinsons' motion for reconsideration. Because this appeal does not present a substantial question, we will summarily affirm for principally the same reasons as given in the District Court's order.

I.

As the parties are familiar with the facts of this lawsuit, we will only briefly revisit them here.

Appellants filed a complaint and initiated the underlying action in September 2007, naming as defendants Sharon Bolognese; Erik Hicks; Tina King; the City of Harrisburg, Pennsylvania; and Central Pennsylvania Youth Soccer League. An amended complaint was filed in April 2008. Defendants moved for summary judgment in March 2010, and in February 2011 the District Court granted summary judgment in favor of defendants. Appellants appealed the District Court's grant of summary judgment to this Court, and in November 2011 we affirmed the District Court's judgment.

Shortly thereafter, appellants filed a motion in the District Court pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment. In their motion, appellants alleged that the District Court's bias against their attorney prejudiced disposition of their case. The District Court denied the Rule 60(b) motion for four reasons. First, the District Court determined that it lacked jurisdiction to grant the motion because appellants knew the basis for the allegations of judicial misconduct and bias prior to the appeal of the order granting summary judgment. Those claims of bias and misconduct were not raised in the appeal, and therefore the District Court did not have

jurisdiction to alter this Court's mandate by ruling on the Rule 60(b) motion. Second, the District Court determined that the motion made conclusory allegations that were not supported by facts in the record. Third, this Court's plenary review and affirmance of the District Court's grant of summary judgment confirmed that any potential judicial misconduct was harmless error and provided no basis for relief. Fourth, the District Court determined that the Rule 60(b) motion was untimely because the allegations of judicial bias and misconduct were known to appellants during its proceedings before the District Court but were not raised until after summary judgment had been granted and the order affirmed by this Court.

Following the denial of their Rule 60(b) motion, appellants moved in the District Court for reconsideration of the order. The District Court denied the motion for reconsideration and appellants filed a notice of appeal. The Clerk alerted the parties that the appeal was being considered for possible summary action. Appellants responded and made factual assertions in support of their motion for reconsideration.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we review the denial of a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

3

III.

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 669. Appellants' motion does not rely on an intervening change in controlling law or the availability of new evidence. To the extent that appellants' motion relied on grounds of clear error and manifest injustice, the bare accusations of judicial bias are insufficient to satisfy the high threshold for finding clear error and manifest injustice. See Laffey v. Nw. Airlines, Inc., 740 F.2d 1071, 1082-83, 1090 (D.C. Cir. 1984).[1]

IV.

For the reasons we have given, we agree with the District Court's denial of the appellants' motion for reconsideration. As this appeal presents no substantial question, we will summarily affirm.

---

[1] To the extent that appellants' motion for reconsideration also requested recusal of Judge Mariani, we note that such a motion is moot because the District Court properly denied the motion for reconsideration and no other matters are pending in the District Court.