**ALD-089**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3770
_____

RONALD G. JOHNSON,
                                        Appellant

v.

PHILIP MORGAN, Warden; BUREAU OF PRISONS;
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-09-cv-00007 )
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2013
Before:  SLOVITER, VANASKIE and WEIS, <u>Circuit Judges</u>
(Opinion filed:January 28, 2013)
_____

OPINION
_____

PER CURIAM.

        In 2009, Ronald Johnson filed a pro se complaint pursuant to 42 U.S.C. §§ 1983

and 1986, alleging that his civil rights were violated when he was held for several days at

the Howard R. Young Correctional Institution ("HYCI") on an erroneous violation of

probation ("VOP") charge. His complaint named as defendants the HYCI, the Delaware Bureau of Prisons ("DBOP"), and Warden Phil Morgan. The District Court dismissed the claims against the HYCI and the DBOP, finding them immune from suit. On March 30, 2012, the District Court granted Warden Morgan's motion for summary judgment. On May 1, 2012, Johnson filed a motion for reconsideration, which the District Court denied on September 7, 2012.[1] On September 24, 2012, Johnson filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 with respect to the District Court's September 6, 2012, order. We begin by making clear the limited scope of this appeal. We do not have jurisdiction over the District Court's March 30 order granting summary judgment to Morgan because Johnson's notice of appeal was untimely filed with respect to that order. See Fed. R. App. P. 4(a)(1)(A); Baker v. United States, 670 F.3d 448, 456 (3d Cir. 2012). Johnson's May 1 motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) did not toll the time to file a notice of appeal under Fed. R. App. P. 4(a)(4)(a) because the motion for reconsideration was itself untimely. See Baker, 670 F.3d at 460. As to the denial of reconsideration, we will summarily affirm.

On December 16, 2008, Johnson was arrested pursuant to an outstanding capias for disorderly conduct and for charges stemming from an unrelated domestic violence

---

[1] Shortly after filing his motion for reconsideration, Johnson filed a flurry of additional motions in the District Court, including a second motion for reconsideration, two motions to reopen case, a motion for mental evaluation, a motion to stay, a motion to strike response to defendant's motion for summary judgment, a motion for appointment of counsel, and a request for a competency hearing. The District Court's September 6, 2012, order denying reconsideration also addressed and denied each of these motions.

2

complaint. He was committed to the HYCI and bail was set on each of the charges. The outstanding capias was resolved at a hearing on December 17, 2008. On December 18, 2008, a hearing was held on the domestic violence charges; a trial date was set, and Johnson's bail was increased. Thereafter, Johnson's offender status sheet, dated December 18, 2008, erroneously reflected an additional VOP charge that increased the amount of his bail. Instead of posting bond for both the domestic violence charges and the erroneous VOP charge, Johnson decided to remain in custody and attempt to have the VOP charge cleared from his record. On December 19, 2008, he submitted a complaint that he had never been on probation, had never been arrested for a VOP, and had never been arraigned on such a charge. An administrative investigation was conducted and on January 1, 2009, Johnson was advised that the VOP charge had been removed. The following day, he posted bond for the remaining charges and was released.

Johnson's subsequent complaint in the District Court sought monetary damages for mental suffering, anxiety, and stress resulting from the additional days he spent in the HYCI while he attempted to clear the VOP charge from his record. The District Court determined that Warden Morgan was entitled to summary judgment because Morgan had no personal involvement in the placement of the VOP charge on Johnson's record, he did not have a duty to personally investigate Johnson's grievance, and there was no evidence that he was involved in a conspiracy to deprive Johnson of his rights based on discriminatory animus. Johnson unsuccessfully moved for reconsideration on the basis that he was suffering from a mental breakdown, depression, and anxiety.

Generally, we review an order denying a motion for reconsideration for an abuse of discretion, and only exercise plenary review when the denial is based on the interpretation and application of a legal precept. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). In this case, the District Court's denial of Johnson's motion for reconsideration was not based on the interpretation and application of a legal precept, but on its failure to demonstrate, as a proper reconsideration motion must, either (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We detect no abuse of discretion in the District Court's conclusion that the basis for Johnson's motion, which was that he was suffering from a mental breakdown, depression, and anxiety, did not conform to any of those requirements. Notably, Johnson's motion did not suggest any error in the District Court's reasoning. Accordingly, we will summarily affirm the District Court's September 6, 2012, order denying Johnson's motion for reconsideration.[2]

---

[2] We will also summarily affirm the denial of Johnson's second motion for reconsideration, two motions to reopen case, motion for mental evaluation, motion to stay, motion to strike response to defendant's motion for summary judgment, motion for appointment of counsel, and request for a competency hearing, substantially for the reasons expressed in the District Court's September 7, 2012, order.