**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3898
_____

RICHARD CAREY,
                                   Appellant

v.

FEDERAL EXPRESS CORP.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-10-cv-02155)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: March 20, 2013)
_____

OPINION
_____

PER CURIAM

        Richard Carey appeals pro se from the District Court's orders granting summary

judgment in favor of the defendant and denying Carey's related motions, including his

motion for reconsideration.  We will affirm.

I.

Richard Carey, a Caucasian male, was employed by Federal Express Corporation ("FedEx"), for approximately twenty-three years. In December 2008, Carey was accused of violating the company's Reduced Rate Shipping and FedEx Office Discount policy, which prohibited FedEx employees from using their discounted shipping rate for any business or commercial enterprise. Discipline for violating the policy included the possibility of termination. An internal FedEx investigation revealed that, over the course of twenty-one months, Carey's discounted shipping number was used to make 382 commercial shipments. He was subsequently terminated in January 2009, at the age of fifty-three.

In a complaint filed pro se with the District Court, Carey alleged that he was fired on the basis of his age and race in violation of both the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Although he admitted using his employee rate to send a few packages for a commercial enterprise, he asserted that he was unaware of the vast majority of the shipments made from his account. Moreover, he claimed that non-Caucasian FedEx employees committed similar violations but were not terminated. He also alleged that he was replaced by two younger employees who were paid a lower wage than he was at the time he was terminated.

FedEx moved for summary judgment, arguing that Carey: (1) did not provide any evidence to establish a prima facie case of age or race discrimination; (2) was actually

2

fired for violating the company's reduced rate shipping policy; and (3) did not put forth admissible evidence that would cast doubt on the company's legitimate, nondiscriminatory reason for terminating him. Carey's opposition to summary judgment contained many of the same assertions as his Equal Employment Opportunity Commission complaint, but included two exhibits that documented the existence of a possible comparator.

After the Magistrate Judge entered the Final Pretrial Order (and after Carey filed his opposition to summary judgment), Carey moved the court for additional discovery to obtain evidence relating to two particular FedEx employees who Carey believed violated the reduced rate shipping policy. The court granted Carey's request to amend the Final Pretrial Order to add the names of witnesses with knowledge about the two particular employees, but denied his request for additional discovery. However, the District Court docket does not reflect whether Carey actually submitted an amended list for the Final Pretrial Order.

In its opinion and order granting summary judgment in favor of FedEx, the District Court reasoned that Carey failed to demonstrate either: (1) a prima facie case of race- or age-based discrimination; or (2) facts giving rise to an inference that FedEx's proffered reason for terminating Carey was pretext. The District Court subsequently denied Carey's motion for reconsideration. Carey now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision granting summary judgment. See Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the denial of a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000). For the following reasons, we will affirm.

A. ADEA claim

Summary judgment was warranted on Carey's ADEA claim, which is governed by the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009). "When the plaintiff alleges unlawful discharge based on age, the prima facie case requires proof that (i) the plaintiff was a member of the protected class, i.e., was 40 years of age or older, (ii) that the plaintiff was discharged, (iii) that the plaintiff was qualified for the job, and (iv) that the plaintiff was replaced by a sufficiently younger person to create an inference of age discrimination." Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc) (citations omitted). Once a plaintiff makes out a prima facie case, "[t]he burden of production . . . shifts to the [employer], who must then offer

4

evidence that is sufficient, if believed, to support a finding that it had a legitimate, nondiscriminatory reason for the discharge." Id. If the employer satisfies that burden, the plaintiff can overcome summary judgment with evidence "that the employer's proffered rationale was a pretext for age discrimination." Smith, 589 F.3d at 690.

There is no dispute that Carey established the first three elements of a prima facie ADEA claim, but he did not provide admissible evidence that he was replaced by younger employees. After FedEx filed its reply to Carey's brief in opposition to summary judgment, but before the court granted summary judgment, Carey submitted a letter to the court requesting additional time for discovery. However, Carey did not provide specified reasons for his failure to present facts regarding the age of the employees who replaced him, nor was his request to the court styled as a declaration or affidavit. See Fed. R. Civ. P. 56(d); see Dowling v. City of Phila., 855 F.2d 136, 140 (3d Cir. 1988) ("[F]iling an affidavit is necessary for the preservation of a Rule [56(d)] contention that summary judgment should be delayed pending further discovery.") (citations omitted).

Moreover, although the District Court gave Carey additional time to add witnesses to the Final Pretrial Order, Carey nonetheless failed to provide evidence regarding his replacements. Carey did not claim that FedEx failed to respond to his discovery requests until the time that he filed his motion for reconsideration, which was after the court had already granted summary judgment in favor of FedEx. Therefore, Carey's attempts at demonstrating why he was unable to present facts essential to justify his opposition

5

would not have satisfied Rule 56(d), and the District Court did not abuse its discretion in denying Carey's request for additional discovery.

Even assuming that Carey had established a prima facie case based on the evidence in the record, his ADEA claim would have failed because he lacks any evidence of pretext. FedEx proffered the legitimate, nondiscriminatory reason that Carey was terminated for violating the company's reduced rate shipping privileges. Short of providing any evidence regarding his replacements, Carey has not brought into question whether his age was more likely than not the "but-for" cause of his termination. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 180 (2009). Summary judgment was therefore warranted on Carey's ADEA claim.

B. Title VII claim

As recognized by the District Court, the McDonnell Douglas burden-shifting analysis also applies to claims of reverse discrimination. Iadimarco v. Runyon, 190 F.3d 151, 158 (3d Cir. 1999). To establish a prima facie case of reverse discrimination, the plaintiff must present "sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated [him] less favorably than others because of his race. . . ." Id. at 163 (citation omitted). After the plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its adverse action. See id. at 157. If the employer offers some evidence of a legitimate, nondiscriminatory reason, a plaintiff must then show that the stated reason was in fact pretext. Id. at 157-58.

6

Even assuming Carey established a prima facie case of reverse discrimination, FedEx met its burden of identifying a legitimate, nondiscriminatory reason for firing Carey. Neither party disputes that Carey violated FedEx's reduced rate shipping policy, or that the policy provides for termination as a possible penalty. Carey then faced the "difficult burden" of demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (internal quotation marks and citation omitted). Carey has failed to produce any evidence that would lead to the inference that FedEx's proffered reason for terminating Carey was mere pretext.

Among the exhibits submitted alongside his brief in opposition to summary judgment are two documents that demonstrate the existence of a possible comparator: (1) a warning letter from a manager at FedEx to another employee; and (2) a copy of the executive summary of FedEx's Guaranteed Fair Treatment Procedure that FedEx apparently produced as a result of Carey's challenge to his termination. These documents demonstrate that another employee was suspended, but not terminated, for violating the company's reduced rate shipping policy. However, Carey stated in his deposition testimony that he and the other employee did not work in the same regional office or for the same supervisors. He has therefore failed to show that the other employee was, in fact, similarly situated. See Kosereis v. Rhode Island, 331 F.3d 207, 214 (1st Cir. 2003) ("[E]xamples of disparate treatment need not be perfect replicas, but they must closely

7

resemble one another in respect to relevant facts and circumstances.") (internal quotations and citation omitted); Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 802 (6th Cir. 1994) (stating that in order to show that an employee is "similarly situated," all of the relevant aspects of employment need to be nearly identical); see also Johnson v. Kroger Co., 319 F.3d 858, 867 (6th Cir. 2003) ("In the context of personnel actions, the relevant factors for determining whether employees are similarly situated often include the employees' supervisors, the standards that the employees had to meet, and the employees' conduct.") (citation omitted).

C. Carey's motion for reconsideration

Generally, motions for reconsideration under Federal Rule of Civil Procedure 59(e) must rely on one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 669 (internal citation omitted). Because Carey merely argued that he would be able to meet his burden of proof by questioning his witnesses on the stand at trial, he did not demonstrate any of the grounds justifying Rule 59(e) relief. Therefore, the District Court did not abuse its discretion in denying Carey's motion for reconsideration.

For the foregoing reasons, we will affirm the judgment of the District Court.