BLD-271                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1775
_____

DR. CHANDAN S. VORA,
                                                                   Appellant
                                   v.

COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-12-cv-00159)
District Judge:  Honorable Gustave Diamond
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 6, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 14, 2013)
_____

OPINION
_____

PER CURIAM

1

Chandan S. Vora, proceeding pro se, appeals from the District Court's orders dismissing her complaint and denying her motions for reconsideration. For the reasons that follow, we will summarily affirm.

## I.

In August 2012, Vora filed a motion to proceed in forma pauperis and a proposed "complaint" alleging that she was charged with, and being prosecuted for, criminal trespass as part of a larger scheme of racial discrimination perpetrated by the police and public officials in the City of Johnstown, Pennsylvania. (Dkt. No. 6.) On September 4, 2012, the District Court dismissed the complaint for lack of jurisdiction because it sought to "attack a pending state criminal matter" and for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. No. 5, p. 3.) Her motions for release, an injunction, and to vacate were denied as moot. (Id.) Vora then filed, on September 12, 2012, a motion for preliminary injunction, followed by motions to extend time, supplement, and stay. (Dkt. Nos. 8, 10-12, 14.) The District Court construed all of those motions as requesting reconsideration and denied them on February 19, 2013. Vora filed a notice of appeal on March 18, 2013.

## II.

Vora appeals from the District Court's order dismissing her complaint and its order denying reconsideration. The District Court dismissed Vora's complaint on September 4, 2012. She then filed a motion for reconsideration within the requisite

twenty-eight day time period, thereby tolling the time for filing an appeal. See Fed. R.

Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(iv). The District Court denied reconsideration

on February 19, 2013, and Vora timely appealed. Therefore, we have jurisdiction under

28 U.S.C. § 1291 to review both orders of the District Court.

We conclude that the District Court correctly dismissed Vora's complaint. Vora

was attacking an ongoing state criminal proceeding. Generally, federal courts are

required to abstain from involvement in such proceedings. See Younger v. Harris, 401

U.S. 37, 43-44 (1971). For abstention to be proper, the state proceedings must be judicial

in nature, implicate important state interests, and afford an adequate opportunity to raise

federal claims. Kendall v. Russell, 572 F.3d 126, 131 (3d Cir. 2009). Those

requirements are met in this case. The criminal proceedings against Vora are ongoing,

implicate Pennsylvania's important interest in bringing to justice those who violate its

criminal laws, and she will have an opportunity to raise federal claims in defending

against the charges. Nor has Vora demonstrated "bad faith, harassment or some other

extraordinary circumstance, which might make abstention inappropriate." Anthony v.

Council, 316 F.3d 412, 418 (3d Cir. 2003). Accordingly, the District Court properly

concluded that it lacked jurisdiction.

We also conclude that the District Court did not abuse its discretion in denying

Vora's motions for reconsideration. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d

Cir. 2010). A motion for reconsideration is a limited vehicle used "to correct manifest

3

errors of law or fact or to present newly discovered evidence." <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration shows one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. <u>Id.</u> Vora did not identify any of these factors in her motions, wherein she merely rehashed arguments that were presented in her previous filings.

### III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. 3d Cir. LAR 27.4 and I.O.P. 10.6.