**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2475

_____

IN RE: KENNETH TAGGART,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-15-mc-00255)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 13, 2018
_____

Before:  MCKEE, VANASKIE, and RESTREPO, *Circuit Judges*

(Filed: September 20, 2018)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

Kenneth Taggart appeals the District Court's denial of a reconsideration motion.

Taggart contends the District Court improperly considered his motion under Federal

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rule of Civil Procedure 59(e), when, in fact, he moved pursuant to Federal Rule of Civil Procedure 60(b). Because we conclude the District Court properly construed Taggart's motion and discern no error in the District Court's analysis, we will affirm.

I.

Taggart is a real estate appraiser. Before 2008, the United States Department of Housing and Urban Development ("HUD") listed Taggart in its roster of appraisers who were authorized to appraise properties for persons seeking HUD-insured mortgages. In 2008, as part of an unrelated transaction, Taggart obtained his own HUD-insured mortgage. After Taggart defaulted on his mortgage, HUD removed him from its appraiser roster. Taggart sued HUD, claiming the removal was improper. *See Taggart v. GMAC Mortg., LLC*, No. 12-cv-415 (E.D. Pa.) ("*Taggart I*"). After extensive motion practice, the District Court granted summary judgment in favor of HUD. *See Taggart v. GMAC Mortg., LLC*, No. 12-cv-415, 2013 WL 4079655 (E.D. Pa. Aug. 12, 2013). We affirmed. *See Taggart v. GMAC Mortg., LLC*, 600 F. App'x 859 (3d Cir. 2015).

After *Taggart I* was resolved, the United States served Taggart with two civil investigative demands ("CIDs") as part of a False Claims Act investigation concerning the mortgage. Taggart filed a second lawsuit, seeking to quash the CIDs. *See In re: Taggart*, No. 15-mc-255 (E.D. Pa.) ("*Taggart II*"). On April 11, 2016 the District Court denied Taggart's motion to quash. (April 11, 2016 Order, App. at 80.) After allegedly insufficient production by Taggart, the government served a third CID. Taggart filed a motion to quash this CID, which was denied. *See In re: Taggart*, No. 15-mc-255, 2016

2

WL 3538604 (E.D. Pa. June 29, 2016). Taggart appealed. We dismissed the appeal for lack of jurisdiction. (September 20, 2016 Order, App. at 237.)

While *Taggart II* was pending, Taggart initiated a third action against HUD and the United States, challenging the CIDs and alleging constitutional claims arising out of the False Claims Act investigation. *See Taggart v. U.S. Dep't of Justice*, No. 16-cv-4040 (E.D. Pa.) ("*Taggart III*"). The parties engaged in more motion practice and participated in oral argument. Ultimately, the District Court dismissed *Taggart III* in its entirety. *See Taggart v. U.S. Dep't of Justice*, No. 16-cv-4040, 2017 WL 319062 (E.D. Pa. Jan. 20, 2017); *Taggart v. U.S. Dep't of Justice*, No. 16-cv-4040, 2017 WL 1862324 (E.D. Pa. May 9, 2017). Taggart did not appeal.

Then, on April 9, 2017, Taggart moved the *Taggart II* Court for reconsideration of its April 11, 2016 Order, citing statements made by government counsel during oral argument held in *Taggart III* as newly discovered evidence. The District Court denied the reconsideration motion as untimely under Rule 59(e). Taggart appeals.

## II.

The District Court had jurisdiction pursuant to 31 U.S.C § 3733(j)(1)–(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a reconsideration motion for abuse of discretion. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The District Court treated Taggart's motion as a motion for reconsideration under Rule 59(e). On appeal, Taggart contends that doing so was improper because his motion was actually a motion for reconsideration under Rule 60(b). We see no error in the

3

District Court's treatment of the reconsideration motion. Taggart's motion made no mention of Rule 60(b) nor cited to cases involving that rule. Additionally, we see no error in the District Court's analysis. Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Taggart's motion, filed 363 days after judgment was entered in *Taggart II*, was unequivocally untimely.

Accordingly, we will affirm the order of the District Court dated May 9, 2017.

4