**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2880
_____

JAMAAL GITTENS,
Appellant

v.

JUDGE MELISSA T. PAVLACK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-20-cv-00683)
District Judge:  Honorable Timothy J. Savage

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2021
Before:  JORDAN, MATEY, and NYGAARD, Circuit Judges

(Opinion filed: February 1, 2021)
_____

OPINION*
_____

PER CURIAM

    In February 2020, Jamaal Gittens filed a civil rights complaint against Judge

Melissa Pavlack of the Lehigh County Court of Common Pleas.  Gittens claimed that

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Judge Pavlack violated his Thirteenth Amendment right to be free from involuntary servitude when she ordered that Gittens' bank assets be frozen pursuant to state law governing the enforcement of child support obligations. He also claimed that Judge Pavlack's "contract with the government" to locate non-custodial parents and obtain their private financial information violated his constitutional rights. See Complaint, ECF No. 2 at 2. He requested civil damages. Id. at 3.

The District Court granted Gittens' motion to proceed in forma pauperis but dismissed his complaint sua sponte because Judge Pavlack is protected by judicial immunity. See 28 U.S.C. § 1915(e)(2)(B)(iii) (stating that a court must dismiss a lawsuit filed by a plaintiff proceeding in forma pauperis that "seeks monetary relief against a defendant who is immune from such relief"). Gittens filed a motion for rehearing, which the District Court construed as a motion for reconsideration and denied. Gittens appealed.[1]

We will affirm. A judge is immune from damages liability for all actions taken in her judicial capacity, unless such action is taken in the "clear absence of all jurisdiction." See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (citation omitted). Gittens does not argue—nor does it appear—that Judge Pavlack acted in the absence of all jurisdiction. Rather, Judge Pavlack's order was a judicial act that was made in

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Gittens' complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we review for abuse of discretion the denial of his reconsideration motion, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

accordance with state law. See Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000) (explaining that a "judicial act" is one that is "normally performed by a judge"); 23 Pa. Cons. Stat. § 4305(b)(10) (stating that the domestic relations section of a Court of Common Pleas can issue orders to "secure assets to satisfy current support obligation" by, among other things, "[a]ttaching and seizing assets of the obligor held in financial institutions").

Because Judge Pavlack is immune from suit, we agree with the District Court that allowing Gittens to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see also Alvin. v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (explaining that amendment is futile where the amended complaint could not survive a motion to dismiss for failure to state a claim).[2]

We will therefore affirm the judgment of the District Court.

---

[2] We also conclude that the District Court did not abuse its discretion in denying Gittens' motion for reconsideration because the motion did not meet the requirements under either Federal Rule of Civil Procedure 59(e) or 60(b). See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (describing the grounds for a motion for reconsideration under Rule 59(e)); Budget Blinds, 536 F.3d at 251 (3d Cir. 2008) (describing same under Rule 60(b)).

3