**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-3198 & 22-2079

_____

MEGHAN M. KELLY,
                                                   Appellant

v.

DISCIPLINARY COUNSEL PATRICIA B. SWARTZ; DISCIPLINARY COUNSEL
KATHLEEN M. VAVALA; DAVID A. WHITE, CHIEF DISCIPLINARY COUNSEL;
OFFICE DISCIPLINARY COUNSEL; BOARD ON PROFESSIONAL
RESPONSIBILITY OF THE SUPREME COURT OF THE STATE OF DELAWARE;
PRELIMINARY INVESTIGATORY COMMITTEE; ATTORNEY GENERAL
DELAWARE

_____

On Appeal from the United States District Court
for the District of Delaware
(District Court No. 1-21-cv-01490)
District Judge:  Hon. Colm F. Connolly

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 11, 2023

_____

Before:  CHAGARES, Chief Judge, SCIRICA and AMBRO, Circuit Judges

(Filed: April 20, 2023)

_____

OPINION<sup>*</sup>

_____

CHAGARES, <u>Chief Judge</u>.

Meghan Kelly, a Delaware attorney, filed a complaint for injunctive and related relief to halt a state proceeding to adjust her bar status to "disability inactive" (the "disability proceeding"). The disability proceeding has since concluded. For the reasons that follow, we will dismiss the appeal in part as moot and affirm in part the District Court's judgment dismissing the complaint. We also will affirm the District Court's other orders, including its post-judgment orders denying reconsideration.

I.[1]

Delaware's Office of Disciplinary Counsel ("ODC")[2] informed Kelly in August 2021 that it had concerns about her fitness to practice law and requested that she voluntarily submit to a mental health examination. Kelly refused an examination. The ODC then informed her that it would petition the Preliminary Review Committee ("PRC")[3] to place her Delaware bar membership on disability inactive status.

Kelly responded by filing a 103-page <u>pro se</u> complaint in the United States District

---

<sup>*</sup> This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] Because we write for the parties, we recite only facts pertinent to our decision.

[2] The ODC is an independent arm of the Delaware Supreme Court that has authority to recommend disciplinary action regarding the practice of law in Delaware. <u>See</u> Del. Supreme Ct. Rule 64(e)(3).

[3] The PRC reviews the recommendations of the ODC following its initial investigation. Delaware Lawyers' Rules of Disciplinary Procedure ("Del. Disc. Rules") 3(a).

Court for the District of Delaware naming the ODC and several of its officials, the PRC, the Board of Professional Responsibility ("BPR"),[4] and the state Attorney General (collectively referred to as "the defendants"). In it, she claims the defendants are pursuing the disciplinary proceeding to malign and retaliate against her based on her political and religious beliefs. Kelly's complaint seeks injunctive relief and asserts claims under § 1983, for intentional infliction of emotional distress, obstruction of justice, and for injury to her reputation. She seeks relief in the form of an injunction, attorneys' fees, and "possibly" damages for emotional distress. Complaint 103.[5]

The District Court dismissed the complaint and denied related relief, including a request for a preliminary injunction, concluding that it should abstain under Younger v. Harris, 401 U.S. 37 (1971). It determined: (1) the disciplinary proceeding falls within an "exceptional category" covered by Younger, see Sprint Commc'ns v. Jacobs, 571 U.S. 69, 78 (2013); and (2), the disciplinary proceeding is: (a) a state judicial proceeding that (b) implicates important state interests and (c) allows an adequate opportunity to raise constitutional challenges, see Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1983). Kelly timely appealed.

Kelly then filed in the District Court a "motion for reargument" and other motions, which the court construed as seeking reconsideration under Federal Rule of

---

[4] The BPR conducts hearings and makes findings, conclusions, and recommendations in attorney discipline and disability matters. Del. Disc. Rule 2(a). The BPR submits its report and recommendation to the Delaware Supreme Court for review. Del. Disc. Rule 9(e).

[5] Page 103 of the Complaint appears to have been omitted from the Supplemental Appendix.

Civil Procedure 59(e) and denied. Kelly filed an amended notice of appeal to incorporate that order and continued filing motions in that court. She sought, among other things, reconsideration of the reconsideration denial under Rules 52(b) and 59(e). The District Court denied relief, and Kelly filed a second notice of appeal. The appeals have been consolidated for all purposes.

The Delaware Supreme Court issued an order while the appeals were pending, transferring Kelly to disability inactive status.[6] It noted that Kelly's court filings "were confusing and unfocused, irrelevant to the issues at hand, demonstrated a lack of understanding of the role of courts, and were non-compliant with court rules." Supplemental Appendix ("Supp. App.") 149. Due to Kelly's religious objection to a mental health examination, none was conducted. The Delaware Supreme Court instead considered the record, noting that Kelly's "inability to make cogent legal arguments, present relevant evidence, or identify relevant legal authority is painfully clear from the record." Supp. App. 154. It concluded that Kelly's "lack of competence to practice law endangers prospective clients, the public, and the orderly administration of justice." Supp. App. 155. The court also considered and rejected Kelly's constitutional claims.

Kelly's bar status is now disability inactive and she cannot practice law in Delaware. If she wishes to seek reinstatement, she must petition the Delaware Supreme Court for reinstatement to active status. See Del. Disc. Rule 19(e).

---

[6] The Delaware Supreme Court appointed counsel for Kelly at no cost to her, but she elected to proceed pro se.

## II.[7]

## A.

Kelly's complaint primarily seeks to vindicate First and Fourteenth Amendment rights through an injunction to halt the disability proceeding. See Supp. App. 130–35; see also Supp. App. 39 ("I brought this law suit . . . to enjoin proceedings brought by the Defendants to place my attorney license on inactive disabled in violation of the First Amendment . . . [and] Fourteenth Amendment. . . ."). Because Delaware since has concluded the disability proceeding, the requested injunctive relief is no longer available. That aspect of the complaint is therefore moot.[8] See Berger v. Cuyahoga County Bar Ass'n, 983 F.2d 718, 724 (6th Cir. 1993) ("[I]ssuance of the [disciplinary] decision by the Ohio Supreme Court moots plaintiffs' claims for injunctive and declaratory relief against defendants."); Partington v. Gedan, 961 F.2d 852, 858 (9th Cir. 1992) (concluding that, when the underlying disciplinary matter came to a close, "a request for injunctive relief from those proceedings is now a moot issue").

---

[7] Kelly invoked the District Court's jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to review the District Court's judgment and orders under 28 U.S.C. § 1291.

[8] Kelly presents challenges to the Delaware Supreme Court's order adjusting her status, claiming she was denied notice, discovery, an impartial judge, an ability to present evidence and witnesses, and the like. These issues are beyond the scope of the current appeal. After the District Court dismissed her complaint, Kelly moved to amend the complaint to add claims concerning the Delaware Supreme Court's decision to adjust her bar status and to add the Delaware Supreme Court as a party. It does not appear that the District Court has ruled upon Kelly's post-judgment motions, although it appears that these attempts to pursue a federal court challenge to the Delaware Supreme Court's order would be barred. See, e.g., Partington v. Gedan, 961 F.2d 852, 865 (9th Cir. 1992) (holding that the Rooker-Feldman doctrine barred federal court from reviewing state court imposition of attorney discipline sanction).

5

B.

To the extent any of Kelly's claims are not moot, we agree that the District Court properly abstained under Younger. We review the District Court's decision to abstain de novo. PDX N., Inc. v. Comm'r N.J. Dep't of Labor, 978 F.3d 871, 881 n.11.

Attorney discipline matters[9] fall within the narrow range of cases in which Younger abstention may be appropriate. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434 (1982). Younger abstention is therefore appropriate where the disciplinary matter: (1) is a state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise constitutional challenges. Id. at 432. The burden rests on the plaintiff to show that the state procedures do not provide an adequate opportunity to present the federal claims. See Schall v. Joyce, 885 F.2d 101, 107 (3d Cir. 1989).

Kelly argues that the disability proceeding did not permit her to present constitutional claims. She contends, without legal support, that the Delaware Supreme Court is "without subject matter jurisdiction" over her constitutional claims. Kelly Br. 15. Kelly points to no legal bar to bringing her constitutional challenges in the disciplinary proceeding and thus fails to meet her burden.

---

[9] Delaware conducts attorney discipline and attorney disability matters in the same manner. Del. Disc. Rule 19(c) ("The [disability] procedures and hearings shall be conducted in the same manner as disciplinary proceedings."). We therefore treat the disability proceeding as equivalent to a disciplinary proceeding for purposes of our analysis.

6

Kelly also contends that abstention was inappropriate due to "bad faith, harassment, or extraordinary circumstances." Kelly Br. 18. She is correct that, if shown, bad faith, harassment, or extraordinary circumstances provide exceptions to Younger abstention. See Middlesex, 457 U.S. at 435. Kelly merely presents conclusory statements in this regard. She has failed to support adequately her claim of bad faith, harassment, or extraordinary circumstances to warrant a Younger exception.

Kelly finally claims that she seeks damages that are not available in the state forum, and so her case should have been stayed under Younger rather than dismissed and now should be permitted to proceed. We disagree because damages are unavailable. Delaware's Disciplinary Rules provide that the BPR, the PRC, the ODC and its members, and others involved in the disciplinary process are "immune from civil suit for any conduct in the discharge of their official duties." Del. Disc. Rule 10.

C.

We review the District Court's denial of reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). Kelly did not show an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact to prevent manifest injustice, and thus did not meet the standard for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The District Court therefore did not abuse its discretion in denying relief.

7

D.

Kelly seeks review of every interim ruling the District Court made in her proceeding. We have considered her arguments and the record below and conclude that no relief is warranted.

III.

For the foregoing reasons, we will dismiss as moot any claims concerning the aspects of Kelly's complaint that seek injunctive relief. We will affirm the remainder of the District Court's judgment, its post-judgment orders, and all other orders on appeal.[10]

---

[10] The defendants' motion for summary affirmance is denied. The defendants' motion to supplement the appendix is granted. Kelly's motion to correct an error of fact is considered but no action will be taken, as it is unclear what relief it seeks. Kelly's motion for reconsideration is denied.