GLD-269                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1774
_____

DR. CHANDAN S. VORA,
                                            Appellant

v.

COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-12-cv-00151)
District Judge:  Honorable Gustave Diamond
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 6, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: June 12, 2013)
_____

OPINION
_____

PER CURIAM

        Chandan S. Vora, proceeding pro se, appeals from the District Court's orders

dismissing her notice of removal and denying her motions for reconsideration.  For the

reasons that follow, we will summarily affirm.

In August 2012, Vora filed a motion to proceed in forma pauperis and a proposed "notice of removal" of criminal charges filed against her by the City of Johnstown, Pennsylvania, for trespassing. (Dkt. No. 7, pp. 15-17.) On September 4, 2012, the District Court dismissed the notice of removal for lack of jurisdiction and for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. No. 6, p. 3.) Her motions for release, an injunction, and to vacate were denied as moot. (Id.) Vora then filed, on September 12, 2012, a motion for preliminary injunction, followed by motions to extend time, supplement, and stay. (Dkt. Nos. 9, 11-13, 15.) The District Court construed all of those motions as requesting reconsideration and denied them on February 19, 2013. Vora filed a notice of appeal on March 18, 2013.

II.

Vora appeals from the District Court's order dismissing her notice of removal and its order denying reconsideration. The District Court dismissed Vora's notice of removal on September 4, 2012. She then filed a motion for reconsideration within the requisite twenty-eight day time period, thereby tolling the time for filing an appeal. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(iv). The District Court denied reconsideration on February 19, 2013, and Vora timely appealed. Therefore, we have jurisdiction under 28 U.S.C. § 1291 to review both orders of the District Court.

We conclude that the District Court properly dismissed Vora's notice of removal, which was presumably made under the civil rights removal statute, 28 U.S.C. § 1443.

2

She alleged that the state criminal case against her was the result of racial discrimination by the police and other public officials in Johnstown. The civil rights removal statute applies only to the removal of state court proceedings, not to the mere filing of criminal charges. Id.; see also 28 U.S.C. § 1447(a). Even if we assume that the civil rights removal statute applies to the matter that Vora seeks to remove, her unsupported allegations do not meet the specific criterion for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Davis v. Glanton, 107 F.3d 1044, 1048-49 (3d Cir. 1997).

We also conclude that the District Court did not abuse its discretion in denying Vora's motions for reconsideration. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration shows one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. Id. Vora did not identify any of these factors in her motions, wherein she merely rehashed arguments that were presented in her previous filings.

## III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. 3d Cir. LAR 27.4 and I.O.P. 10.6.

3