**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1178
_____

AMRO ELANSARI,
                        Appellant

v.

THE COMMONWEALTH OF PENNSYLVIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00141)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2022
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, Circuit Judges

(Opinion filed: December 8, 2022)
_____

OPINION*
_____

PER CURIAM

    Amro Elansari appeals pro se from an order dismissing his 42 U.S.C. § 1983

complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  We will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In January 2021, Elansari filed a complaint in the United States District Court for the Eastern District of Pennsylvania, naming the Commonwealth of Pennsylvania as the sole defendant. He alleged that the Commonwealth violated the Equal Protection Clause of the United States Constitution by "(1) selling cannabis in violation of federal law while (2) simultaneously arresting and punishing people with criminal records for violating state law." (ECF 2, at 1.) Elansari asked for injunctive relief, including the expungement of all cannabis-related criminal records, including his own, and a declaration that the state law restricting marijuana cultivation is unconstitutional.[1] (Id. at 4.) The District Court granted Elansari's application to proceed in forma pauperis but dismissed the complaint "as legally frivolous with prejudice because amendment would be futile." (ECF 6, at 23.) Elansari timely appealed. (ECF 8.)

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review of the District Court's sua sponte dismissal under § 1915(e)(2)(B). See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020). A complaint is considered frivolous if it lacks an arguable basis in law or fact, and a suit may be considered frivolous where defendants are clearly "immune from suit." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

Elansari's complaint fails for numerous reasons. As the District Court explained, the Commonwealth of Pennsylvania is immune from suit under the Eleventh Amendment, see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984),

---

[1] Elansari also initially sought damages, but later moved to strike his damages claim. (ECF 5.)

and the Commonwealth has not waived that immunity as to lawsuits in federal court. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020). In addition, Elansari may not proceed under Ex parte Young, 209 U.S. 123 (1908), because the relief he sought – invalidating components of the Pennsylvania criminal code – indicated that the Commonwealth was the "real, substantial party in interest."[2] Pennhurst, 465 U.S. at 101 (internal quotation omitted). And Elansari lacks standing to pursue claims on behalf of third parties. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam) (stating that that an individual proceeding pro se may not represent third parties in federal court). Finally, Elansari's equal protection claim lacks merit. As we have previously explained, "[Elansari] has not shown that, as an individual who uses, possesses, or distributes marijuana, he is a member of a protected class" or that he was intentionally treated differently from others similarly situated. Elansari v. United States, 823 F. App'x 107, 111 & n.5 (3d Cir. 2020) (not precedential).

For the foregoing reasons, we will affirm the District Court's judgment.[3]

---

[2] For this reason, Elansari's argument that he should have been permitted to amend his complaint to "sue the individuals responsible for the actions and errors complained of" is unavailing. Appellant's Br., at 6 of 14.

[3] We grant Elansari's "Motion to Amend Brief," and note that we have considered the documents attached to that "Motion." (Doc. 15.)