**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2610
_____

KENNETH J. ROSELLINI,
                                                    Appellant

v.

GARY WILCOX, In his individual and official capacity;
HON. FRANK LAROCCA, In his individual capacity and official capacity;
MICHAEL DOBLIN, DDS, In his official capacity;
JUDGE EDWARD TORACK, In his individual capacity;
MARIE LIHOTZ, In her individual capacity;
HANY MAWLA, In his individual and official capacity;
MARIE SIMONELLI, In her individual and official capacity;
STUART RABNER, In his individual and official capacity;
CARMEN DIAZ-PETTI, In her official capacity;
SUPREME COURT OF NEW JERSEY DISTRICT XI ETHICS COMMITTEE;
NORMAN KLEIN, In his official capacity;
ROBERT C. PAPA, In his official capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:20-CV-20101)
District Judge: Hon. Madeline Cox Arleo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 15, 2024

Before: RESTREPO, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Filed: February 5, 2025)

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*

On December 22, 2020, attorney Kenneth Rosellini filed a 296-page complaint in federal court against multiple defendants alleging a sprawling conspiracy to violate his First and Fourteenth Amendment rights. Included in the long list of defendants were the Supreme Court of New Jersey's District XI Ethics Committee (the "Ethics Committee") and two of its members, Norman Klein and Robert C. Papa (together with the Ethics Committee, the "Ethics Committee Defendants"), as well as several New Jersey state court judges (the "Judicial Defendants") and other individuals.[1] At the time he filed the complaint, Rosellini faced ongoing disciplinary proceedings for openly refusing to comply with multiple sanctions orders entered in New Jersey state courts.

The District Court dismissed the claims against the Judicial Defendants and Ethics Committee Defendants. As to the claims against the Ethics Committee Defendants, the District Court abstained under *Younger v. Harris*, 401 U.S. 37 (1971). The District Court later abstained again on those same claims when denying Rosellini's motion for relief from

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] The Judicial Defendants were Hon. Gary N. Wilcox, Hon. Stuart Rabner, Hon. Hany A. Mawla, Hon. Marie P. Simonelli, Hon. Marie E. Lihotz and Hon. Edward V. Torack. The other defendants were Carmen Diaz-Petti, Hon. Frank LaRocca and Michael Doblin. None of the claims against these defendants are at issue in this appeal.

the order based on newly discovered evidence. Rosellini timely appealed both orders and raises only one issue: whether the District Court erred in applying the *Younger* abstention doctrine to dismiss the claims against the Ethics Committee Defendants. Because we find the District Court did not err in abstaining under *Younger*, we will affirm both orders.

## I.[2]

In 2016, Rosellini sought to vacate five orders entered in a divorce action before the New Jersey Superior Court. The court denied Rosellini's motion on res judicata grounds and sanctioned him for "filing a frivolous motion." App. 315. On appeal, the New Jersey Appellate Division affirmed and imposed additional sanctions. Openly refusing to comply, Rosellini filed a petition for certification to the New Jersey Supreme Court challenging the constitutionality of the snowballing sanctions. That court denied the petition, granted a motion by the opposing party for attorney's fees and imposed further sanctions.

On November 15, 2019, the Ethics Committee filed a complaint against Rosellini alleging he violated Rule 3.4(c) and Rule 8.4(d) of the New Jersey Rules of Professional Conduct ("RPC") by openly refusing to comply with multiple court orders.[3] The Ethics Committee held a hearing on November 20, 2020. On December 22, 2020—before the Ethics Committee issued its decision—Rosellini filed his federal complaint. He alleged a

---

[2] Since we write primarily for parties already familiar with this case, we include only those facts necessary to reach our conclusion.

[3] RPC 3.4(c) states that "[a] lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." RPC 8.4(d) states that "[i]t is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice."

wide-ranging conspiracy to perpetrate fraud and violate his First and Fourteenth Amendment rights through unconstitutional sanctions and retaliatory disciplinary proceedings.

As to the Ethics Committee Defendants, Rosellini asked the District Court to declare that (1) New Jersey Court Rule 1:20-15(h)—which provides for constitutional challenges to the proceedings to be raised in a petition for review to the New Jersey Supreme Court—violates the Due Process Clause of the Fourteenth Amendment because it restricts the ability to raise constitutional claims; (2) RPC 3.4(c) and RPC 8.4(d) violate the First and Fourteenth Amendments to the extent they interfere with his right to free speech and advocacy; and (3) RPC 3.4(c) and RPC 8.4(d) may not be used as retaliation for the exercise of rights guaranteed by the First and Fourteenth Amendments.

On March 31, 2021, the Ethics Committee recommended dismissal of the ethics charges with one member dissenting. Under New Jersey Court Rule 1:20-15(e), the Director of the Office of Attorney Ethics ("OAE") can appeal the dismissal of an ethics complaint to the Disciplinary Review Board ("DRB"), which reviews the decision de novo. The OAE did just that, appealing the dismissal of the charges against Rosellini.

While the ethics appeal was pending before the DRB, on October 14, 2021, the District Court granted the motions to dismiss filed by the Ethics Committee Defendants and Judicial Defendants in this case. As to the Ethics Committee Defendants, the District Court dismissed the claims under the *Younger* abstention doctrine because the state disciplinary proceedings were ongoing with an appeal pending before the DRB.

On April 20, 2022, the DRB issued a decision reversing the Ethics Committee's dismissal of the ethics complaint and imposing a three-month suspension with the added

4

condition that Rosellini satisfy the sanctions orders against him prior to reinstatement.[4]

After the DRB issued its decision, Rosellini moved to vacate the October 14, 2021 order dismissing the claims against the Ethics Committee Defendants and Judicial Defendants.[5] On July 28, 2022, the District Court denied that motion, rejecting Rosellini's contention that abstention was no longer appropriate because the DRB's decision showed that (1) he lacked an adequate forum to raise his constitutional claims in the ethics proceedings and (2) the ethics proceedings were brought in bad faith. The only issue on appeal is whether the District Court erred in abstaining under *Younger* from deciding Rosellini's claims against the Ethics Committee Defendants in its October 14, 2021 and July 28, 2022 orders.

## II.[6]

### A. The *Younger* Abstention Doctrine

We first address whether the District Court erred in finding the legal requirements for *Younger* abstention were met. "To promote comity between the national and state

---

[4] The facts available to the District Court when it abstained end here, but Rosellini's state disciplinary proceedings continued. He petitioned the New Jersey Supreme Court to review the DRB's decision, and the New Jersey Supreme Court denied that petition on May 16, 2023. On May 19, 2023, the New Jersey Supreme Court entered an order censuring Rosellini and instructing him to satisfy the sanctions orders previously entered against him. It then issued a clarifying order on July 21, 2023 that specified the amount of sanctions to be paid ($12,287.50) and the method of payment. After Rosellini still refused to comply, the New Jersey Supreme Court issued an order on November 16, 2023, at the request of OAE, suspending Rosellini from the practice of law.

[5] The District Court construed Rosellini's motion as a request under Federal Rule of Civil Procedure 60(b)(2), which permits relief from a final order based on newly discovered evidence.

[6] The District Court had federal question jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291 because Rosellini appeals only as to the

5

governments, *Younger* requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Comm's, Inc. v. Jacobs*, 571 U.S. 69, 77–78 (2013); *Younger*, 401 U.S. 37 (1971)). *Younger* abstention is appropriate if "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (citing *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

The District Court correctly determined that those legal requirements were met. Rosellini contests only the third requirement. He claims the New Jersey attorney-discipline proceedings do not afford him an adequate opportunity to raise his constitutional claims. But the Supreme Court—in an almost identical case—held the opposite. *See Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435–36 (1982) ("In light of the unique relationship between the New Jersey Supreme Court and the local Ethics Committee, and in view of the nature of the proceedings, it is difficult to conclude that there was no 'adequate opportunity' for [the plaintiff] to raise his constitutional claims."). When assessing "whether a federal plaintiff has an adequate opportunity to raise his constitutional

---

District Court's decision to abstain from considering the claims against the Ethics Committee Defendants. *See Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 302 (3d Cir. 2004) (holding decision to abstain constitutes final appealable order). "We exercise plenary review over a trial court's . . . determination of whether *Younger* abstention is proper." *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 27 F.4th 886, 890 (3d Cir. 2022) (omission in original) (quoting *Hamilton v. Bromley*, 862 F.3d 329, 333 (3d Cir. 2017)).

6

claims," the proper inquiry is "whether 'state law clearly bars the interposition of the constitutional claims.'" *Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 184 (3d Cir. 2014) (quoting *Moore v. Sims*, 442 U.S. 415, 425–26 (1979)) (emphasis omitted). "In making this determination, we consider whether state law raises procedural barriers to the presentation of the federal challenges." *Id.* (citing *Moore*, 442 U.S. at 430).

Rosellini faced no procedural barriers here. In fact, New Jersey's disciplinary rules provide two avenues for constitutional challenges to the proceedings. An attorney can (1) petition the New Jersey Supreme Court for immediate, interlocutory review upon a showing of irreparable harm *during* the proceedings, N.J. Ct. R. 1:20-16(f)(1), or (2) raise constitutional challenges in a petition for review *after* an adverse decision by the DRB, N.J. Ct. R. 1:20-16(f)(2). Rosellini chose only the second avenue. If anything, Rosellini limited his own opportunities to raise his constitutional claims.

Rosellini points to the DRB's expression of doubt that he properly raised the constitutional challenges in the ethics proceeding as proof that he lacks an adequate forum. But as the District Court noted in its July 2022 Order, "the mere possibility that the New Jersey Supreme Court may find that [Rosellini] failed to properly preserve his constitutional claims does not suggest that New Jersey has erected procedural barriers that 'clearly bar' a party from raising constitutional claims." App. 18. Rosellini also contends that the New Jersey Supreme Court did not "meaningful[ly] review" and "failed to address . . . in any way" his constitutional arguments. Appellant's Br. at 14. As proof, he points to the brevity of the May 16, 2023, order denying his petition. True, the New Jersey Supreme Court denied Rosellini's petition without explanation. But that does not change the fact that

Rosellini had an adequate opportunity to present his constitutional challenges in the petition. New Jersey erected no procedural barriers that clearly barred him from raising the claims. Thus, the legal requirements for *Younger* abstention were met.

**B.     The Bad-Faith Exception to *Younger* Abstention**

Even when the legal requirements for *Younger* abstention are met, a district court should not abstain if the plaintiff shows that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex*, 457 U.S. at 435). The Supreme Court has explained that the bad-faith exception to *Younger* applies "[o]nly in cases of proven harassment or prosecutions undertaken by state officials . . . without hope" of success. *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Rosellini argued that the District Court should have applied the bad-faith exception to *Younger* for the first time in his motion for relief from the October 2021 order. He contends the District Court erred by abstaining again in the July 2022 order because "irregularities contained in the DRB Decision, the New Jersey Supreme Court Orders, and OAE actions, prove that these ethics proceedings are in bad faith." Appellant's Br. at 26–27. Yet Rosellini has presented nothing to suggest the proceedings were initiated by the Ethics Committee Defendants for purposes of retaliation and without hope of success. Rosellini criticizes the DRB's decision to suspend his license and the New Jersey Supreme Court's denial

8

of his petitions, but these conclusions are not proof of any irregularity, much less bad faith. The DRB and New Jersey Supreme Court cited his refusal to comply with valid court orders as the reason for his suspension—not his filing of this federal complaint. And in any event, Rosellini challenges the District Court's abstention from the claims against the Ethics Committee Defendants, not claims against the DRB or the New Jersey Supreme Court.[7]

In sum, Rosellini rehashes challenges to the merits of the state court sanctions orders and the conclusions reached by the DRB and New Jersey Supreme Court in the disciplinary proceedings. Even if meritorious, these allegations are unrelated to whether the proceedings were initiated to harass him or without hope of success. Thus, the District Court properly found that Rosellini failed to allege sufficient facts to show that the "bad faith" exception to the *Younger* doctrine should apply.

### III.

For the reasons set forth above, we will affirm the District Court's October 14, 2021, and July 28, 2022, orders.[8]

---

[7] In further support of his bad-faith exception argument, Rosellini cites information that is beside the point. Rosellini notes that the dissenting opinion to the initial recommendation by the Ethics Committee references his federal complaint, but that does not prove that the proceedings were initiated in retaliation against him for filing his federal complaint. He also cites unrelated ethics proceedings against a New Jersey judge and other attorneys and claims they received lighter discipline for worse conduct. This all misses the mark. It is the initiation of the disciplinary proceedings that must be in bad faith for the exception to *Younger* to apply—contentions of an unfair outcome are irrelevant.

[8] Rosellini's August 13, 2024, motion, *see* 3d Cir. ECF No. 44, is denied as moot.

9