**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2816
_____

JOHN WAYNE,
Appellant

v.

JOHN E. WETZEL; GEORGE LITTLE; TABB BICKELL; MICHAEL CLARK;
LEE ESTOCK; DEREK F. OBERLANDER; JAIME SORBER; TAMMY FERGUSON;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-04209)
District Judge: Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2025

Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed:  March 3, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Wayne, a Pennsylvania inmate, appeals pro se and in forma pauperis from the District Court's orders granting summary judgment and denying his motion to alter or amend the judgment. We will affirm.

I.

Wayne has a lengthy disciplinary history. Between 2014 and 2017, Wayne was placed in disciplinary custody for several finite terms and transferred between multiple facilities because he was fighting other inmates. In late 2017, Department of Corrections personnel approved Wayne's placement on the Restricted Release List (RRL) based upon his history of assaulting other inmates. This meant that Wayne would not be released from restricted housing (a Security Level 5 Housing Unit) into the general population without written approval of the Executive Deputy Secretary for Institutional Operations.

While on the RRL, Wayne continued to incur misconducts, including those for assault and for striking others with feces, and he continued facing disciplinary custody for his misconduct. In 2019, the Department approved Wayne for PORTAL, a step-down program designed to help him re-enter the general population, but Wayne was removed from the program around four months later after he threw brown liquid on an officer.

Wayne remained in restricted housing, where he eventually earned two phone calls per week and access to the kiosk one time per week. In 2021, Wayne was approved for the Intensive Management Unit (IMU), another step-down program designed to reintegrate him into the general population. As Wayne progressed through the IMU's

2

phases, he received more privileges, such as increased out-of-cell time and opportunities for contact with other inmates, more phone calls and kiosk sessions, unrestricted television and radio privileges, group treatment, and increased shower opportunities. He re-entered the general population in 2024.

In 2021, Wayne filed in the District Court a pro se civil-rights complaint, which was later amended by appointed counsel, against the current and former Secretaries of Corrections, the current and former Executive Deputy Secretaries for Institutional Operations, and prison facility superintendents. Wayne alleged that the defendants were deliberately indifferent to the risk of harm he faced in prolonged restricted housing in violation of the Eighth Amendment, and that they violated his Fourteenth Amendment right to due process by denying him meaningful review of his placement on the RRL.

After the District Court dismissed some defendants for lack of personal involvement, the remaining defendants moved for summary judgment, which the District Court granted, determining that the undisputed facts established that they did not violate the Eighth or Fourteenth Amendment. Wayne, now proceeding pro se, filed a motion to alter or amend the judgment, which the District Court denied. Wayne timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment ruling. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper "if the movant shows that

3

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

We review the denial of a motion to alter or amend the judgment for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). A judgment may be altered or amended if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

III.

As the Appellees accurately point out, Wayne challenges only the District Court's entry of judgment against him on his Eighth Amendment conditions of confinement claim. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145–46, 148 (3d Cir. 2017) (failure to raise issue in opening brief results in forfeiture). Courts apply a two-pronged test to determine whether prison officials violated the Eighth Amendment: "(1) the deprivation must be objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities; and (2) the prison official must have been deliberate[ly] indifferen[t] to

4

inmate health or safety." Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (citation modified). Placement in "[s]egregated detention is not cruel and unusual punishment *per se*, as long as the conditions of confinement are not foul, inhuman or totally without penological justification." Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992), superseded by statute on other grounds as stated in, Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000); see also Williams v. Sec'y Pa. Dep't of Corr., 117 F.4th 503, 517–18 (3d Cir. 2024); Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). One such justification is "the risk that [the prisoner] specifically poses." See Porter, 974 F.3d at 446. But, as this Court has previously concluded, prolonged solitary confinement can cause substantial psychological and physical harm. Id. at 441.

Wayne's sole argument on appeal is that the District Court applied the law unfairly because other inmates in "identical circumstances" have been granted relief on their Eighth Amendment claims. But the cases that Wayne points to are readily distinguishable from the circumstances present here. Wayne cites to Johnston v. Wetzel, 431 F. Supp. 3d 666, 677 (W.D. Pa. 2019), in which the District Court determined that the record supported the plaintiff's Eighth Amendment claim. Johnston was in restricted housing for 17 years, confined for 22 or 23 hours per day, despite having not been cited for any misconduct or discipline for the last 13 years. Id. at 673, 678–79. Wayne, on the other hand, remained in restricted housing because he continued to be sanctioned repeatedly for assaulting others, fighting with inmates, refusing to obey orders, and

possessing contraband. Prison officials thus had good reason to keep Wayne in restricted housing. See Farmer v. Brennan, 511 U.S. 825, 833–34 (1994). And, as Wayne progressed through the IMU by exhibiting good behavior and completing required coursework, he earned more time out of his cell and more social opportunities.

Wayne's cites to Shoatz v. Wetzel, No. 2:13-cv-0657, 2016 WL 595337 (W.D. Pa. Feb. 12, 2016), and Mayo v. Wetzel, No. 1:18-CV-878, 2021 WL 11132203 (M.D. Pa. Aug. 24, 2021), report and recommendation adopted, 2022 WL 19835737 (M.D. Pa. Jan. 4, 2022), are also unavailing. In Shoatz, the District Court denied the defendants' motion for summary judgment where Shoatz had been held in solitary confinement for over 22 years. 2016 WL 595337 at *1. Shoatz submitted medical evidence that his long-term isolation caused symptoms of depression and post-traumatic stress. Id. at *7. Inmate Mayo was in solitary confinement for more than five years despite his known mental illness, which included suicidal thoughts and self-harm expressions. Mayo, 2021 WL 11132203, at *1–2. Although Wayne reported that his placement in restricted housing caused him sleep disturbances and anxiety, his psychological evaluations indicated that he was in good health and did not require treatment. Wayne did not provide sufficient evidence such that a reasonable factfinder could determine that his conditions posed a substantial risk of serious harm. Cf. Porter, 974 F.3d at 442–43.

Finally, Wayne cites to cases decided in the contexts of a motion to dismiss and a motion for preliminary injunction, not a motion for summary judgment. Cf. Tucker v.

6

Wetzel, No. 1:22-CV-631, 2023 WL 322442, at *5 (M.D. Pa. Jan. 19, 2023) (determining that allegations of solitary confinement for over three years were sufficient to state an Eighth Amendment claim); Johnson v. Wetzel, 209 F. Supp. 3d 766, 771–72, 780–81 (M.D. Pa. 2016) (determining, on a preliminary injunction motion, that the plaintiff was likely to succeed on his Eighth Amendment claim, where he was in solitary confinement for 36 years, despite having "exemplary behavior" over the past decade). Regardless of whether the allegations in Wayne's amended complaint were sufficient to survive dismissal at the pleading stage, the District Court correctly determined on summary judgment that there was no genuine dispute of material fact warranting a trial on his claims.

Thus, the District Court did not err by granting summary judgment. Nor did it abuse its discretion by denying Wayne's motion to alter or amend the judgment, as Wayne did not set forth any new facts or law, and he did not show that the District Court's decision resulted in clear legal error or a manifest injustice. Max's Seafood Café, 176 F.3d at 677. We will affirm the judgment.

7