# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1539

YULEX BARKER,
Appellant

v.

UNITED AIRLINES, INC.; JOHN DOES 1-5
_____

Appeal from the U.S. District Court, D.N.J.
Judge Susan D. Wigenton, No. 2:23-cv-03065

Before: PORTER, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted Apr. 7, 2026; Decided Apr. 8, 2026
_____

NONPRECEDENTIAL OPINION[*]

PORTER, *Circuit Judge*.

Yulex Barker asked the District Court to reconsider its dismissal of her second amended complaint. But that request was frivolous, based on a demonstrably untrue assertion. So the District Court sanctioned Barker's counsel and required him to pay $2,500 to the defendant, United Airlines, Inc. We will affirm.

I

Barker is a former employee of United Airlines. After raising a time-card discrepancy, United Airlines terminated Barker's employment in April 2021. Believing she was

_____

[*]   This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

wrongfully fired, Barker sued United Airlines in state court on various claims. Key to Barker's case was her contention that she was denied her right to "progressive discipline" under the collective bargaining agreement governing her employment. After removal to federal court and a couple rounds of briefing, the United States District Court for the District of New Jersey dismissed with prejudice Barker's second amended complaint ("SAC") containing her three remaining claims. For her disability discrimination claim, the District Court held that Barker failed to allege any nonconclusory link between her disability and termination. On her two contract-related claims, the District Court concluded that Barker had failed to respond to United Airlines's argument for lack of subject matter jurisdiction and thus forfeited the issue.

Thereafter, Barker filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) seeking reconsideration of the District Court's dismissal. Viewing Barker's motion as frivolous and improper, United Airlines sent Barker a letter advising that it would move for sanctions under Federal Rule of Civil Procedure 11 unless Barker withdrew her Rule 59(e) motion within the 21-day safe harbor period. Barker declined to withdraw her Rule 59(e) motion, and United Airlines filed its Rule 11 motion for sanctions.

The District Court denied Barker's Rule 59(e) motion, finding its purported basis to be "demonstrably untrue," and granted United Airlines's Rule 11 motion for sanctions. After requesting and receiving an affidavit from United Airlines detailing its costs incurred in defending against Barker's Rule 59(e) motion, the District Court imposed a sanction of $2,500 against Barker's counsel. Barker timely appealed.

## II[1]

Under threat of sanctions, Rule 11 imposes on counsel an affirmative duty to conduct an "inquiry reasonable under the circumstances" to ensure that their (1) "[filings are] not being presented for any improper purpose," (2) "legal contentions are warranted by existing law or by a nonfrivolous argument," (3) "factual contentions have evidentiary support," and (4) "denials of factual contentions are warranted on the evidence." Fed. R. Civ. P. 11(b). In other words, at the time of filing the challenged paper, counsel must have an "objective knowledge or belief" that the challenged paper's basis is "well-grounded in law and fact." *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (internal quotations omitted) (quoting *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991)). Thus, a court may impose sanctions in "exceptional circumstances" where a litigant has advanced a claim or motion that is patently unmeritorious, frivolous, or filed for an improper purpose. *Id.* at 1314 (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

Rule 59(e) permits a court to "alter or amend a judgment," Fed. R. Civ. P. 59(e), but a Rule 59(e) motion must assert either "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v.*

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291. We review a district court's Rule 11 determinations for abuse of discretion, "[s]o we will not reverse Rule 11 sanctions unless they do not follow proper procedures, err on the law, clearly err in finding facts, or act 'contrary to reason.'" *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 147 (3d Cir. 2024).

*Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). Rule 59(e) may not be used as a vehicle to "relitigate old matters" or "raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed. 1995)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

III

On appeal, Barker argues that the District Court erred in granting the Rule 11 motion because she had a reasonable "basis in law and fact" to file the Rule 59(e) motion to (1) prevent "manifest injustice" and (2) present "new evidence that was not previously available to [her]." Appellant's Br. 15. Not so. The District Court did not err, let alone abuse its discretion.

In her Rule 59(e) motion, Barker alleged that United Airlines terminated her employment to prevent her from obtaining pension benefits. There would be "manifest injustice," Barker argued, unless her case was revived to proceed on a new claim under the Employee Retirement Income Security Act ("ERISA"). Barker Appendix ("B.App.") 282. Secondly, Barker renewed her contract-related claims, now contending that she was entitled to—and deprived of—pension benefits under her collective bargaining agreement. In support of her Rule 59(e) motion, Barker attached as "new evidence" a collective bargaining agreement for the years 2023–2025, including sections setting out pension benefits. Appellant's Br. 8; B.App. 287–412 (2023–2025 Collective Bargaining Agreement ("2023–2025 CBA")).

Barker's Rule 59(e) motion was patently frivolous. Below and on appeal, Barker repeatedly claims that the 2023–2025 CBA attached to her Rule 59(e) motion was "new evidence" that was "not previously available to [her]." Appellant's Br. 16. But that's demonstrably untrue: Barker's SAC explicitly referenced and attached a portion of a 2016–2021 Collective Bargaining Agreement ("2016–2021 CBA"). Indeed, provisions of the 2023–2025 CBA that Barker cites to in her Rule 59(e) motion are the same as those contained in the 2016–2021 CBA excerpt she cites in her SAC. And to cap it off, Barker's employment terminated in April 2021. The 2016–2021 CBA previously referenced in Barker's SAC governed that period; the 2023–2025 CBA attached to Barker's Rule 59(e) motion obviously does not.

So Barker's "new evidence" was neither "new" nor "evidence" in the relevant sense. Nor is there any "manifest injustice" in precluding Barker from asserting an ERISA claim now, for the first time, when she could have asserted it from the beginning. The same is true for Barker's reupped contract-related claims, which she relitigated while ignoring the District Court's actual grounds for dismissal. Barker's Rule 59(e) motion was patently frivolous, so the District Court did not abuse its discretion in imposing Rule 11 sanctions upon Barker's counsel requiring him to pay $2,500 to United Airlines.[2]

\* \* \*

For the forgoing reasons, we will affirm the District Court.

---

[2]  Barker's brief does not address—and therefore forfeits—any challenge to the sanction's *amount. See Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 452 (3d Cir. 2024) ("[A]rguments not raised in a party's opening brief are generally deemed forfeited.").